**Harry BLUMENTHAL, Louis Abel, Lawrence B. Goldsmith, Samuel S. Weiss, and Albert Feigenbaum, Appellants, v. UNITED STATES of America, Appellee.**

No. 11232.

Circuit Court of Appeals, Ninth Circuit.

Feb. 28, 1947.

For original opinion see 158 F.2d 883.

Before DENMAN, HEALY, and BONE, Circuit Judges.

PER CURIAM.

The petition for rehearing is denied.

HEALY and BONE, Circuit Judges, concur.

DENMAN, Circuit Judge (dissenting).

The petition for rehearing should be granted and the judgments reversed. My concurrence in the decision is withdrawn and the accompanying opinion filed as a dissent to the court's opinion filed on December 16, 1946:

The statement of facts of the court's opinion has a fatal vacuum necessary to be filled to establish the conspiracy charged, though its circumstantial evidence warrants the inference of at least four other disconnected criminal conspiracies.

Abel, Blumenthal and Feigenbaum are shown to have been black marketers and should have been prosecuted for selling whiskey at over ceiling prices. Instead, the several prosecutions are sought to be avoided by attempting to throw a conspiracy net around them—a convenience to prosecutors but often dangerous to the cause of justice. Cf. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. ——.

The court's opinion is bare of facts, as is the evidence,

(1) That any of these three knew or was in any communication with any other of them;

(2) That any knew that any other obtained whiskey from the defendants Goldsmith and Weiss;

(3) That any of the three sellers knew that any other of them bought the whiskey from the so-called "common pool" of whiskey in the warehouse—a common pool only in the sense that each separately obtained his whiskey from it, but not a pool of which any of the three had common knowledge that any other of them had obtained his whiskey from it;

(4) That any knew that any other bought his whiskey at the same below-ceiling price;

(5) That any knew that any other sold his whiskey at the same or similar over-ceiling prices.

The obvious inference from the above proof and absence of other proof is that the unknown owner of the whiskey referred to in the court's opinion used each of Abel, Blumenthal and Feigenbaum *separately* as his agent to violate the law. This would constitute several separate conspiracies between the unproved owner and each of the proved sellers, but not a conspiracy among all four of them.

The owner is the common hub from which extend the three illicit sale conspiracies as spokes, but with no binding rim, as in the cases of Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L. Ed. ——, and Canella v. United States, 9 Cir., 157 F.2d 470, 477. °

Even if the circumstantial evidence of identity of purchase and sale price also warranted the more remote inference that each of these three sellers conspired with each other and the owner to violate the price ceiling, the first and obvious inference, of three separate agencies for the owner, must control. As we stated in reversing an instruction which failed to state that the inferences from circumstantial evidence must be "inconsistent with every reasonable hypothesis of innocence," of the crime charged. Paddock v. United States, 9 Cir., 79 F.2d 872, 875, 876:

"These instructions were erroneous. The rule with reference to the consideration of circumstantial evidence by the jury is thoroughly settled. This rule in brief is that the circumstances shown must not only be consistent with guilt, but inconsistent with every reasonable hypothesis of innocence. 2 Brickwood Sackett Instructions to Juries, § 2491, et seq. We have said that this well-settled instruction in regard to the degree of proof required where circumstantial evidence is relied upon is merely another statement of the doctrine of reasonable doubt as applied to circumstantial evidence. It may therefore be true that 'no greater degree of certainty is required when circumstantial evidence is relied upon than where direct evidence is relied upon,' as stated by the trial judge. The additional statement in the instruction that 'evidence about circumstances * * * must at all times be consistent with guilt only and inconsistent with innocence,' omits the qualifying and important phrase, 'inconsistent with every reasonable hypothesis of innocence,' and for that reason is an erroneous statement of the law."

The same is true also of the appellants Weiss and Goldsmith. The conspiracy charged is that they conspired with the three black marketers, Abel, Blumenthal and Feigenbaum to sell the whiskey at higher than the maximum price. The court's opinion states no facts and the record has none showing that either Weiss or Goldsmith knew that any whiskey was sold at such higher prices, much less than there was any agreement with the three or any one of them for such prohibited sales.

There is evidence that Weiss and Goldsmith received $2 per case to pass the whiskey through their books and to sell it at slightly less than the maximum price to cover up some unknown reason of the unknown owner. But this is fully capable of supporting an inference that the unknown owner has highjacked the whiskey and wanted it sold at something slightly less than the maximum so that no question could be raised regarding its disposition. True this would be a wrongful conspiracy, but as in the Kotteakos case, not the conspiracy charged in the instant indictment. As in Paddock v. United States, supra, the inference from the circumstantial evidence of these wrongful acts involving sales at *less* than the maximum is one "inconsistent with * * * [a] reasonable hypothesis of innocence" of the charged conspiracy to sell at *higher* than the maximum price. As is stated in Kotteakos v. United States, supra, 328 U.S. 750, 66 S.Ct. at page 1252, 90 L.Ed. ——:

"Criminal they may be, but it is not the criminality of mass conspiracy. They do not invite mass trial by their conduct. Nor does our system tolerate it. That way lies the drift toward totalitarian institutions. True, this may be inconvenient for prosecution. But our Government is not one of mere convenience or efficiency. It too has a stake, with every citizen, in his being af-

forded our historic individual protections, including those surrounding criminal trials. About them we dare not become careless or complacent when that fashion has become rampant over the earth."

The judgments should have been reversed.