**William Raiford PARMENTER and George David Lincoln,**
Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 18139.

United States Court of Appeals
Fifth Circuit.

June 17, 1960.

Rehearing Denied July 21, 1960.

Hal S. Ives, West Palm Beach, Fla., Damon G. Yerkes, Jacksonville, Fla., for appellants.

John E. Palmer, Asst. U. S. Atty., Jacksonville, Fla., F. William Reeb, Asst. U. S. Atty., Tampa, Fla., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

The appeal in this liquor conspiracy case is based primarily on the contention of Parmenter that possibly several but not a single general conspiracy was proved and the contention of Lincoln that his contacts with the possession of the nontaxpaid liquor were too fleeting and too tenuous to tie him into any conspiracy whatever.

We have stated in Jolley v. United States, 5 Cir., 232 F.2d 83, at page 88:

"Under the evidence in this case, we think that it was for the jury to say whether there was any conspiracy and if so, whether one or more than one. If more than one conspiracy was proved, of at least one of which the appellant was guilty, it is clear that there was no variance affecting his substantial rights."

As to Lincoln's point, we need only say that we have carefully read the testimony to which our attention has been called in the briefs, touching on Lincoln's actions. We conclude that the evidence clearly shows that his relations with Parmenter and others charged in the indictment and the manner in which he knew exactly how to fit into the part he was to play in re-

ceiving and paying for the final load of whiskey on terms which must have been the subject of prior agreement, spoke eloquently and convincingly of an agreement with Parmenter to be an important actor in the illegal possession and sale of the nontaxpaid whiskey. No more was needed to warrant submission of the case to the jury. Its verdict must therefore be sustained.

The remaining points urged by appellants do not constitute prejudicial error.

The judgment is affirmed.