Kenneth Wilson WOOD and Wayne C. Walton, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18232.

United States Court of Appeals Fifth Circuit.

Oct. 19, 1960.

Clyde W. Atkinson, Walter J. Smith, Tallahassee, Fla., Zach H. Douglas, Jacksonville, Fla., for appellants.

Edward L. Stahley, Asst. U. S. Atty., Wilfred C. Varn, U. S. Atty., Tallahassee, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

Appellants and four others charged as conspirators were convicted of a conspiracy to transport, possess, sell and transfer distilled spirits contrary to the provisions of the revenue laws and to have in their possession or custody a still without compliance with the statute. Only the named appellants appeal from their conviction and sentence.

Appellants rely entirely on their contention that the evidence was insufficient to sustain a conviction. We conclude that this contention must prevail on the basis of the record before us.

█ It is, of course, well recognized that a conspiracy to violate a federal statute may be shown to exist among several persons without the necessity of showing that each person had actual knowledge of the actions of each of his co-conspirators. This rule applies, however, only where there is sufficient evidence to permit the jury to find, in a circumstantial case, that the parties sought to be charged acted in some manner with respect to the criminal offense as to warrant the inference that there was an agreement among them to carry it out. An illustration of this kind of action appears in the per curiam opinion of this Court in Parmenter and Lincoln v. United States, 5 Cir., 279 F.2d 151, in which we said:

"As to Lincoln's point, we need only say that we have carefully read the testimony to which our attention has been called in the briefs, touching on Lincoln's actions. We conclude that the evidence clearly shows that his relations with Parmenter and others charged in the indictment and the manner in which he knew exactly how to fit into the part he was to play in receiving and paying for the final load of whiskey on terms which must have been the subject of prior agreement, spoke eloquently and convincingly of an agreement with Parmenter to be an important actor in the illegal possession and sale of the nontaxpaid whiskey. No more was needed to warrant submission of the case to the jury. Its verdict must therefore be sustained."

See also Badon v. United States, 5 Cir., 269 F.2d 75, 79. In that case we said:

"A jury may reasonably infer the existence of an agreement and joint responsibility of a defendant in a prosecution for conspiracy from any substantial evidence that the defendant acted in furtherance of it with knowledge of the existence of an unlawful enterprise," citing Pullin v. United States, 5 Cir., 1939, 104 F.2d 57, and cf. Alexander v. United States, 8 Cir., 1938, 95 F.2d 873, 874; Diehl v. United States, 8 Cir., 1938, 98 F.2d 545.

██ In this case the government's case consisted of much proof of association, both at their home and elsewhere, of these appellants with persons who were in one way or another later identified as being connected with the illegal possession of nontaxpaid whiskey. The weakness of the government's position, however, is that there is no single thread of identity running through the evidence which ties either the premises or any vehicle shown to belong to these appellants to either the premises or the vehicles in connection with which the unlawful operations were shown to have occurred. The testimony that several different automobiles were seen in the vicinity of appellants' home and were later found with contraband cargo does not, of course, rise to the dignity of permissible proof that appellants "possessed"

**6**

the nontaxpaid whiskey later found in these automobiles. There was no proof of the ownership of any of the automobiles that were actually found to be engaged in the illegal traffic.

■ This record demonstrates that these appellants spent much of their time during the period of the alleged conspiracy in company with proven bootleggers. This fact, coupled with their game of "cops and robbers" in and around the area in which several stills were later found creates a strong suspicion that they had more than a passing interest in the stills and their product. Mere suspicion is, of course, not sufficient to warrant the submission of a criminal case to a jury. See in this connection Johns v. United States, 5 Cir., 195 F.2d 77, and Harms v. United States, 4 Cir., 272 F.2d 478.

The judgment of conviction must be reversed and the case remanded for a new trial.