**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Ennix ANDERSON, Charles Brown,
and John Russell Hill, Defendants-Appellants.**

**No. 16183.**

United States Court of Appeals
Sixth Circuit.

Nov. 9, 1965.

Dale Quillen, Nashville, Tenn., for appellants.

Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., for appellee, James F. Neal, U. S. Atty., Nashville, Tenn., on the brief.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CONNELL, Chief District Judge.

PER CURIAM.

Three defendants were convicted after jury trial on one count alleging an illegal conspiracy in violation of Title 18 U.S.C. § 371 during a period from August 3, 1962 to March 15, 1963. The indictment alleged a conspiracy between the defendants (and others) to operate a business selling nontax-paid whiskey in violation of Title 26 U.S.C. §§ 5601(a), 5604(a) (1), 7201 and 7206(4).

Judge William E. Miller sentenced all three defendants to two years in the federal penitentiary.

Appellants contend there was no proof introduced at trial of agreement to violate the statutes in question.

From the record presented the proofs of operation of a bootleg liquor business appear myriad. Federal agents testified to numerous observations, searches and seizures, of nontax-paid whiskey. Much of this testimony directly implicated defendants Brown and Hill in the operation of a nontax-paid whiskey business. There was ample proof of their joint and concerted activity in this regard to support jury finding of conspiracy as to them.

The only appellate issue of substance in this case is whether or not the prosecution proofs were sufficient to link defendant Anderson to the conspiracy. The government brief and argument points to him as the executive who operated the bootleg whiskey business. But no whiskey was ever found in his possession. And it is clear that it takes more than close and repeated association with those who are proved to be operating an illegal enterprise to make one a coconspirator. Wood v. United States, 283 F.2d 4 (C.A.5, 1960).

Many of the observations and searches which we have previously referred to occurred either on defendant Anderson's farm and in the immediate vicinity thereof, or at a residence in Nashville which Anderson used and in which there was a telephone listed under his name.

Prosecution evidence included the following testimony:

In August of 1962, Alcohol Tax Unit agents had located a "stash" of whiskey just over the fence behind Anderson's house. Testimony indicated a considerable amount of traffic between the "stash" and Anderson's house and yard. Ultimately the agents arrested defendant Brown just after he had loaded jugs from this location. They seized and destroyed 16 gallons of nontax-paid whiskey, which they found in his car. They then went to the "stash" itself and destroyed containers of whiskey and others which had the odor and dregs of whiskey (all nontax-paid).

By October of 1962 another "stash" was located by the Alcohol Tax Unit agents just over a fence from Anderson's farm. When the operators of the whiskey business became aware of further surveillance, efforts were made to remove the whiskey from this "stash" (which had previously been inspected by the agents and found to contain moonshine whiskey). This time defendant Hill was driving an automobile which

had been loaded at the "stash" and abandoned it when approached by agents. The automobile when searched was found to contain 50 gallons of whiskey. Defendant Anderson, on the occasion in question, was driving his automobile immediately ahead of the automobile in which Hill was conveying the whiskey.

Again, in February of 1963, a surveillance was conducted at 405 Moore Street in Nashville. A concealed agent observed Anderson on the premises while an automobile which had previously been driven there by defendant Brown was being loaded. The agent heard Anderson shout to Brown, telling him to be careful as he left. The agent also saw Anderson point in the direction of some honeysuckle vines close to the agent's place of concealment and saw Brown and two other workers thereupon carry glass jugs and conceal them in the honeysuckle vines. The agent then examined this "stash" during a heavy rainstorm and found it to contain nontax-paid whiskey.

■ From these and other facts which were testified to before the United States District Court, it appears to us that there was sufficient evidence to uphold the jury's verdict of guilty as to defendant Anderson, as well as to the other defendants.

■ No proof of formal agreement is necessary to establish an unlawful conspiracy. Conspiracy may be proved by inferences arising from concerted actions of parties working toward a common design. American Tobacco Co. v. United States, 147 F.2d 93, 107 (C.A.6, 1944), aff'd, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946); Blumenthal v. United States, 158 F.2d 883 (C.A.9, 1946), rehearing denied, 158 F.2d 762 (C.A.9, 1947), aff'd, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947).

As to the issues pertaining to the admission of evidence which are argued to us on appeal, a careful review convinces us that the trial judge committed no error in any of the three instances complained of. Further, on the record of this trial none of the disputed testimony, if admitted in error, was such as to substantially to prejudice the rights of the defendants. Rule 52 Fed.R.Crim.P.

Affirmed.