**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vernander HARVEY, Defendant-Appellant.**

**No. 72-1868**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1972.

Edwin A. Green, II, Tallahassee, Fla. (court appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction of conspiring to possess and sell bootleg whiskey. The sole question before us is whether the trial court erred in refusing to direct a verdict of acquittal on grounds of insufficiency of the evidence. We find in the record ample evidence to support a jury finding of guilty, and we affirm.

Appellant, Vernander Harvey, was tried before a jury in the United States District Court for the Northern District of Florida on the charge of conspiring in violation of 18 U.S.C. § 371, to conceal, possess, transfer, and sell untaxed moonshine whiskey in violation of 26 U. S.C. § 5604(a) (1). The evidence adduced at the trial showed that two separate purchases of moonshine whiskey were consummated by undercover agents. Appellant had no direct contact with the agents regarding the first sale; however, when the agents began negotiating with appellant's wife and with Lamar Beard for the purchase, both told the agents that appellant owned an interest in the whiskey, that only appellant knew the hidden location of the whiskey, and that they would have to ask him for directions as to how to find it. Several days later the agents rendezvoused with Beard and Mrs. Harvey and the exchange of whiskey for money occurred. Appellant was present however, at the second sale. After negotiating with Mrs. Harvey a month after the first sale, the agents met with Mr. Harvey, Mrs. Harvey, and William

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Toole. All of these persons and the agents drove to the location where the whiskey was hidden, the sale was made, and Toole and the Harveys were arrested. The trial court allowed the case to go to the jury on this evidence, and a verdict of guilty was returned.

■■ We agree with the court below that this evidence was sufficient to allow the jury to find appellant guilty of conspiracy. Conspiracy in violation of 18 U.S.C. § 371 is an inchoate and distinct crime that requires proof of both an agreement to do some unlawful act and some act in furtherance of the agreement. That an illegal act occurred is not challenged; rather, appellant insists that the proof is so indirect as to be insufficient to show an agreement. That argument must fail. The Supreme Court has held that a common plan "may be inferred from a 'development and collocation of circumstances,'" Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704, and that rule has frequently been applied in this court. *See e. g.*, Grant v. United States, 5 Cir. 1969, 407 F.2d 56; Lacaze v. United States, 5 Cir. 1968, 391 F.2d 516; Wood v. United States, 5 Cir. 1960, 283 F.2d 4. We find that a sufficient collection of circumstances was here shown from which the jury could find that appellant participated in an agreement.

■ Similarly, there is no merit in appellant's argument that the statements of Mrs. Harvey and Beard were objectionable hearsay that cannot support a conviction. The clear rule is that declarations of a co-conspirator made in furtherance of the conspiracy and during its pendency are admissible against each member of the conspiracy. Holsen v. United States, 5 Cir. 1968, 392 F.2d 292, cert. denied, 1969, 393 U.S. 1029, 89 S. Ct. 640, 21 L.Ed.2d 573.

We find no error in the trial court's refusal to direct a verdict of acquittal, and we affirm.

Affirmed.