260 F.2d 415

Obie Wilson STAPLETON, Appellant, v. UNITED STATES of America, Appellee.

No. 15477.

United States Court of Appeals, Ninth Circuit.

Oct. 22, 1958.

714

716

Floyd O. Davidson, Ketchikan, Alaska, for appellant.

Rober G. Conner, U. S. Atty., Edward R. Reifsteck, C. Donald O'Connor, Asst. U. S. Attys., Juneau, Alaska, for appellee.

Before HEALY and CHAMBERS, Circuit Judges, and SOLOMON, District Judge.

SOLOMON, District Judge.

This is an appeal from a judgment of conviction and sentence imposed by the District Court in Alaska. The ap-

pellant Stapleton was tried on an indictment containing three counts alleging theft of certain tools and equipment; three counts alleging receipt of this property, knowing it to have been stolen; and three counts alleging embezzlement of the same property. After pleading not guilty to all counts, Stapleton was found guilty on the three theft counts and was acquitted on the counts alleging receipt of stolen property. The three embezzlement counts were dismissed during the trial at the Government's request.

The Government's case showed that Stapleton, an employee of the Fish and Wildlife Service, was engaged in protecting streams from unauthorized fishing, and in this work he operated from his own boat in the vicinity of a mica mine. He frequently visited the camp of this mine. In July, 1955, the camp was left unguarded for a brief period. Shortly thereafter, it was discovered that certain tools and equipment were missing. They were subsequently found in Stapleton's boat. Stapleton's defense consisted primarily of his own testimony, uncorroborated, that he had purchased the items from two Canadian Indians.

On this appeal, Stapleton alleges six errors.

## I.

At the trial, Stapleton moved to dismiss the three theft counts on the ground that they failed to allege the commission of any crime. The trial judge denied the motion, and Stapleton urges this ruling as reversible error.

The indictment charged:

### Count One

(Vio. Sec. 65–5–41 A.C.L.A.1949)

"That on or about the 22nd day of July, 1955, at the B.C. Mica Mines, Ltd., at Sitkland Island in the Territory of Alaska and within the jurisdic-

tion of this Court, Obie Wilson Stapleton did wilfully take and carry away an electric generating plant, said plant being of a value in excess of $100.00, and being then and there the property of the B.C. Mica Mines, Ltd., with intent to deprive the said owner thereof."

The other two counts were identical except that in the second count the property taken was a gas chain saw, and in the third count a box of tools. Stapleton contends that all of these counts are defective because they failed to allege an essential element of the offense of larceny; namely, that the taking was without the consent of the owner of the property.

■■ The general rules for determining the sufficiency of an indictment are well settled. Indictments are now immune from the technical challenges permitted at common law. They will be held sufficient if as a practical matter they state the elements of the offense clearly enough to enable the defense to prepare for trial and to plead a judgment in bar of a future prosecution for the same offense. Prejudice to the defendant is a controlling consideration. See Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Hopper v. United States, 9 Cir., 1944, 142 F.2d 181; Elwert v. United States, 9 Cir., 1956, 231 F.2d 928.

■ Appellant suffered no prejudice in the preparation of his defense. Counsel for Stapleton, with commendable frankness, conceded that his preparation for trial had not been hindered by the omission of which he complains. Furthermore, the Government submitted evidence tending to prove lack of consent by the owners of the property, and the jury was instructed that such lack of consent was an essential element of the offense. The indictment is ade-

quate to protect Stapleton from any further prosecution for the same offenses charged here. We conclude that the alleged defect in the indictment did not prejudice Stapleton.

However, Stapleton contends that, regardless of prejudice, an indictment which fails to allege all of the elements of the offense precisely and expressly cannot support a finding of guilty. This argument disregards the nature and function of the indictment under modern concepts of criminal procedure. An indictment is not required to set out all those elements of the offense which must be found by the jury before they may find the accused guilty. It is sufficient "that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Hagner v. United States, supra, 285 U.S. at page 433, 52 S.Ct. at page 420, 76 L.Ed. 861. In other words, all the essential elements need not be stated directly if they are necessarily implied. Hopper v. United States, supra, 142 F.2d at page 184. Nor need the indictment exclude all exceptional circumstances which might serve to take the alleged acts out of the criminal category. Rose v. United States, 9 Cir., 1945, 149 F.2d 755. The indictment here alleged a wilful taking with intent permanently to deprive the owner of the property. We think that lack of consent is implicit in this language. The indictment is not a model pleading, but in our opinion it is legally sufficient to charge the appellant with the crime of grand larceny.

## II.

The Court instructed the jury:

"The essential elements of grand larceny, as charged in Counts I, II and III of the Indictment are: (1) That at the time and place fixed in Counts I, II and III of the Indictment, the defendant did take, steal and carry away the property al-

leged to have been taken in said Counts of the Indictment, or some part thereof, with the intent on the part of such defendant to convert the same to his own use and to permanently deprive the owners thereof without the consent of the said owners.

"(2) That the defendant took said property wilfully, unlawfully and feloniously, that is to say, intentionally and without legal justification."

Appellant admits that this instruction is a correct statement of the law, but he contends that the court erred in giving it because "The trial court is without power to change or amend an indictment with respect to matters of substance."

We have already found that the indictment is sufficient. This instruction, which clearly and succinctly sets forth all of the essential elements of the crime of grand larceny which the Government was required to establish, strengthens our firm belief that the appellant was not and could not have been prejudiced by the alleged omissions of the indictment.

The court did not err in giving this instruction.

### III.

Stapleton complains that he was prejudiced by the admission of testimony and documents which tended to show that he had sworn falsely in applying for employment with the United States Fish and Wildlife Service. Such false swearing is a crime, but appellant was not so charged. The Government adduced this testimony to rebut testimony concerning Stapleton's general good character and the manner in which he performed his Government job. Stapleton admitted on cross-examination that he had been convicted

of two offenses, one involving a misdemeanor and the other involving a violation of the narcotics laws.

■ The defense introduced as a character witness Fred Headlee, the man who had hired Stapleton for one summer's work with the Fish and Wildlife Service. Headlee testified that good character traits, particularly honesty, are important in obtaining employment with that Service. He also stated that he had not heard anything against Stapleton, although he was not familiar with Stapleton's general reputation. On cross-examination, Headlee testified that he was unaware of Stapleton's narcotic conviction when he hired him and that had he known of such conviction it would have made a difference in his decision to hire Stapleton. Timely defense objections were made to these questions which elicited this information, and we believe they were properly overruled. The defense had attempted to use Stapleton's government employment as proof of his good character, and the Government was entitled to show in rebuttal that his full record was not known to those who hired him.

■ The Government subsequently recalled Stapleton, and asked him whether when seeking employment, he had told John Wendler, another Fish and Wildlife Service official, that he had no prior criminal record. Stapleton's counsel objected to this question, but before the judge could rule, Stapleton denied that he had made such a statement. He was subsequently contradicted by Wendler. Regardless of the possible merits of the defense objection, Stapleton's voluntary answer precluded him from asserting the objection at the appellate level.

■ The last effort of the Government to prove that Stapleton obtained government employment by false statements consisted of the introduction in evidence of Staple-

ton's application for employment. When recalled for cross-examination, and when asked about having orally denied prior convictions, Stapleton volunteered the information that in his application for employment he had admitted his criminal record. An objection to further questions about this document was overruled. However, when the document was offered in evidence, it was admitted without objection.

We think the defense failed properly to preserve this question for our consideration. The defense objected to a question put to Stapleton on cross-examination. Although the objection was overruled and Stapleton was required to answer the question, his answer was self-serving and resulted in no prejudice to him. The defense did not object to the documentary proof offered by the Government to contradict Stapleton. This document not only showed that Stapleton had made false statements in his employment application, but that he also falsely testified at the trial.

At the trial stage, appellant did not request that any of the testimony about which he now complains be stricken or that its consideration by the jury be limited in any way. Nor did he assert any objection which might be broad enough to permit us to consider his present contentions.

## IV.

Several Government witnesses testified as to statements made by Stapleton concerning the circumstances under which he acquired possession of the stolen property. They also testified concerning offers by him to make "deals" in connection with the prosecution of this case. The trial judge did not instruct the jury that the oral admissions of a party are to be viewed with caution. Such an instruction is required in all proper cases by Title 58, Chapter 5, Section 1, A.C.L.A.1949. Although appellant neither request-

ed such an instruction nor objected to its omission, he now asks that we reverse his conviction on the ground of plain error under Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ We have carefully examined the entire record, and we are satisfied that no plain error was committed. Unlike *Stephenson v. United States*, 9 Cir., 1954, 211 F.2d 702, this is not a case in which the appellant was connected to the offense charged solely by his own admissions. Here there were many other circumstances which tended to connect Stapleton with the theft of the property. The camp was in a secluded area; he was in that area at the time of the theft; he had knowledge of the property on the float; he made frequent calls at the float; he had the stolen goods in his possession about a month after the theft; and he later sold these goods. Under the circumstances of this case, we see no reason to relieve appellant of the consequences of his failure to raise this point at the trial stage by considering it now under the claim of plain error. *Herzog v. United States*, 9 Cir., 1956, on rehearing, 235 F.2d 664, 666–667; original opinion, 9 Cir., 1955, 226 F.2d 561.

## V.

■ Stapleton claims that a portion of the court's instruction on inferring theft from possession of stolen property is erroneous on the ground that it shifted to him the burden of proving his innocence. We do not agree with appellant's interpretation of this instruction. In addition, no such objection was made at the trial stage, and therefore may not be considered on appeal. Rule 30, Federal Rules of Criminal Procedure. We are satisfied that it does not constitute plain error so as to permit us to consider it under

Rule 52(b), Federal Rules of Criminal Procedure. Herzog v. United States, supra.

## VI.

 The court instructed the jury on Stapleton's credibility as a witness as follows:

> "The law makes the defendant in a criminal action a competent witness: In determining his credibility, you have a right to take into consideration the fact that he is the defendant and is interested in the outcome of this trial. This interest is of a character possessed by no other witness and is therefore a matter which may seriously affect the weight and credit to be given his testimony, and one which should be seriously considered by you in determining what weight you will give his testimony considered in connection with all the other evidence."

Stapleton contends that this instruction is erroneous and constitutes reversible error because it tended to destroy the presumption of innocence to which he was entitled and because it unduly singled out his testimony and interest.

There is no merit in either contention.

This instruction follows closely the instruction approved and the rules laid down in Reagan v. United States, 157 U.S. 301, 310, 15 S.Ct. 610, 39 L.Ed. 709. In numerous cases, instructions directing attention to the interest of a defendant in the outcome of the trial have been approved. E. g. Papadakis v. United States, 9 Cir., 1953, 208 F.2d 945, 954. There was no disparagement of appellant's testimony or intimation that he was not entitled to the presumption of innocence or to the other presumptions available to defendants in criminal cases.

Neither was appellant singled out as the only witness whose testimony deserves scrutiny.

The court admonished the jury:

> "You are to consider these instructions as a whole. It is impossible to cover the entire case with a single instruction, and therefore, you should not single out one particular instruction and consider it by itself."

This is precisely what appellant seeks to do here.

The court gave another instruction—Instruction No. 22 —which appellant admits is "entirely adequate" and "is broad in scope and deals with the effect and value of evidence and the credibility of *all witnesses, including the defendant*".

We agree with this characterization. The instruction complained of, particularly when considered with Instruction No. 22, was fair and proper.

We have carefully examined the whole record, and we are convinced that the appellant had a fair trial and that he was proved guilty beyond a reasonable doubt.

The judgment of conviction is therefore affirmed.