**PARITEM SINGH POONIAN, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 17068.

United States Court of Appeals
Ninth Circuit.

Aug. 24, 1961.

John V. Lewis and Richard H. Foster, San Francisco, Cal., for appellant.

Laurence E. Dayton, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and ROSS, District Judge.

ROSS, District Judge.

Appellant was charged under two different indictments which were consolidated for trial without a jury. The first indictment, containing four counts, was brought under Section 145(b) of the Internal Revenue Code of 1939 and Section 7201 of the Internal Revenue Code of 1954. By that indictment, appellant was charged with having willfully evaded federal income taxes for the years 1953 to 1956, inclusive. The second indictment, containing two counts, was brought under Section 1001, Title 18 United States Code. By that indictment, appellant was charged with having made false and fraudulent statements in his income tax returns for those years. Count I of the second indictment charged that, as to 1955, the statements in the tax return were false in that appellant had understated gross profits from "his" farm income. Count

II of the second indictment charged that, as to 1956, the statements in the tax return were false in that appellant had understated "his" fruit and cotton sales.

The trial court, sitting without a jury, acquitted the appellant of the charges contained in the first indictment. The parties agree that the acquittal was based on the proposition that the government had failed to establish beyond a reasonable doubt that the alleged evasion was of taxes due and owing from the appellant. That is, it was appellant's contention, successfully urged below, that the income giving rise to the allegedly evaded tax belonged to appellant's mother, she being the beneficial or "real" owner of the income-producing property in question.

Appellant was, however, convicted under both counts of the second indictment. We have jurisdiction over his appeal by virtue of 28 U.S.C. §§ 1291, 1294.

■ Because the judgment of conviction will be reversed, we find it unnecessary to consider any of appellant's specifications of error save that which charges that there was a fatal variance between the allegations in the indictment and the evidence adduced at the trial. Appellant points out that the indictment charged that he falsely stated "*his* farm income gross receipts for 1955" and "*his*" fruit and cotton sales for 1956. (Emphasis supplied). However, the evidence, even according to the trial court, did not establish beyond a reasonable doubt that the sales and income were "his," that is, appellant's. This, of course, amounts to a variance between pleading and proof, and it will be deemed fatal if it affects the substantial rights of appellant. Berger v. United States, 1935, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314. Bearing in mind that the rule against variance is designed to enable the defendant to prepare his defense, to protect against undue surprise, and to prevent multiple prosecutions for the same offense, ibid., we are of the opinion that the variance in the instant case is not fatal unless the reference in the indictment to "his" income and sales was essential to its validity.

That is, if the personal reference was mere surplusage, in that a crime was adequately charged without it, then there was no objectionable variance.

■ We must first consider the relationship, if any, between the statute and the concept of "materiality," i. e., whether the falsification must be "material." With respect to 18 U.S.C. § 1001, this Court at one time indicated, but did not hold, that materiality is not an essential element of the crime of making a false statement, as distinguished from the crime of concealing a fact. Fisher v. United States, 9 Cir., 1956, 231 F.2d 99, 102. However, in Brandow v. United States, 9 Cir., 1959, 268 F.2d 559, 565, we recognized that "this requirement of materiality has been described as essential [to the entire statute] by the greater weight of authority, and for the purposes of this case, we approve and follow such majority rule." No good reason suggests itself why our position in Brandow, supra, should be limited to that case. Accordingly, we hold that materiality is an essential element of the crime of making a false statement; i. e., in order to gain a conviction under 18 U.S.C. § 1001, the government must prove that the false statement was "material" as that term has been defined in the case law.

The instant indictment does not allege that the allegedly false statements made by appellant were material. However, even if "materiality," as such, need not be alleged in the indictment, then there must be at least an allegation of sufficient facts from which the inference of materiality may be drawn. Stapleton v. United States, 9 Cir., 1958, 260 F.2d 415, 418, 17 Alaska 713. Here, the indictment charged that the appellant had understated "his" income and sales. Was the personal pronoun mere surplusage? We think not, for it was an allegation crucial to any inference that appellant's allegedly false statements were material.

■ In support of our conclusion, we note that the income tax return filed by appellant only required that he report "his" income. It did not require that he

report the amounts which constituted income to any other person. Appellant was in much the same position as a nominee of a stock brokerage account. He is not required to report as his own, income in which he has no beneficial interest. It is beside the point that appellant may have been the "owner" of the income in the general sense. The fact is that we are dealing with a transaction that can only be understood properly if we bear in mind the laws and distinctions peculiar to income tax law. Since, then, appellant only was required to report his own income, and since he only purported to do that, appellant's statement of "his" income is the only matter in which, as to him, the Internal Revenue Service had a legitimate interest. Although it is true that a volunteered statement is within 18 U.S.C. § 1001, and although as a matter of fact the appellant volunteered what actually was a statement of his mother's income, the significant fact is that he did not purport to state his mother's income when he filed his income tax return, nor is there any evidence that the government ever construed his return as being anything other than what it was.

■■■ In short, under the circumstances of this case, appellant would be guilty of having violated 18 U.S.C. § 1001 only if he understated his own income, not that of another person. Therefore, the indictment, to be valid, cannot withstand deletion of the reference to "his" income and sales; yet, the evidence did not establish that appellant had falsely stated "his" income. This is simply a case where, although appellant may have intended to falsify, that alone is insufficient to convict, for it is hornbook law that in every crime there must be a joint union of act and intent. Here, there may have been intent. There was no act, because it was legally impossible for appellant to be guilty of having falsified, i. e., understated, income which was not his. This Court refuses to construe the statute in question so as to permit a taxpayer to be convicted of reporting more taxes than he rightfully owes, regardless of what his intentions may have been.

The evidence did not prove the charges set forth in the indictment. There was, under the law, a fatal variance between the pleading and the proof, and therefore the judgment of conviction must be reversed.

JERTBERG, Circuit Judge (dissenting).

I am unable to agree with the conclusion reached in the majority opinion that the judgment of conviction must be reversed because "There was, under the law, a fatal variance between the pleading and the proof, * * *". Since the majority opinion does not consider any of appellant's specifications of error save the one on which the judgment of conviction is reversed, I, likewise, will limit remarks to that one subject.

I concede that the majority opinion correctly states the rule in this Circuit "that materiality is an essential element of the crime of making a false statement; i. e., in order to gain a conviction under 18 U. S.C. § 1001,[1] the government must prove that the false statement was 'material' as that term has been defined in the case law." That rule was enunciated by this Court in Brandow v. United States, 9 Cir., 1959, 268 F.2d 559 at page 565, where we stated:

"We agree with District Judge Kraft in United States v. Quirk, supra [D.C., 167 F.Supp. 462], when he says:

"'[We] believe that the conduct Congress intended to prevent by §

---

**1.** Title 18 U.S.C. § 1001.

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, **or** makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisonment not more than five years, or both."

1001 was the willful submission to federal agencies of false statements calculated to induce agency reliance or action, irrespective of whether actual favorable agency action was, for other reasons, impossible. We think the test is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances.'

"167 F.Supp. at page 464. See also per curiam affirmance of Quirk, 3 Cir., 1959, 266 F.2d 26."

I will first consider the allegations of the indictment. Count one in material parts states: [that defendant herein] "did, in a matter within the jurisdiction of the United States Treasury Department, make the following false and fraudlent statement in an income tax return which he filed with the Director of Internal Revenue for the Internal Revenue Collection District of San Francisco: 2. That his farm income gross profits for 1955 were $130,248.24 and consisted of fruits and nuts sales of $78,932.50, cotton sales of $30,600.20, and nursery sales of $20,715.54, whereas, as he well knew, his farm income gross profits for 1955 totaled $165,029.40 and consisted of fruits and nuts sales of $85,-786.34, share crop sales of $7,970.05, cotton sales of $30,600.20 and nursery sales of $40,672.81." Count two of the indictment in material parts states: [the defendant herein] "did in a matter within the jurisdiction of the United States Treasury Department, make the following false and fraudulent statement in an income tax return which he filed with the Director of Internal Revenue for the Internal Revenue Collection District of San Francisco: 2. That fruits sales for 1956 were $32,209.53 and his cotton sales for 1956 were $26,476.42, whereas, as he well knew, his fruit sales for 1956 were $41,301.65, and his cotton sales for 1956 were $40,214.16."

I recognize that the indictment does not in express language allege wherein the alleged false statements are material. However, an indictment is not required to set out all those elements of the offense which must be found by the court or jury before an accused may be found guilty.

"It is sufficient 'that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment.' Hagner v. United States, supra, 285 U.S. [427] at page 433, 52 S.Ct. [417] at page 420, 76 L.Ed. 861. In other words, all the essential elements need not be stated directly if they are necessarily implied. Hopper v. United States, supra, [9 Cir.], 142 F.2d [181] at page 184. Nor need the indictment exclude all exceptional circumstances which might serve to take the alleged acts out of the criminal category. Rose v. United States, 9 Cir., 1945, 149 F.2d 755." Stapleton v. United States, 9 Cir., 1958, 260 F.2d 415 at page 418, 17 Alaska 713.

"Indictments are now immune from the technical challenges permitted at common law. They will be held sufficient if as a practical matter they state the elements of the offense clearly enough to enable the defense to prepare for trial and to plead a judgment in bar of a future prosecution for the same offense. Prejudice to the defendant is a controlling consideration. See Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Hopper v. United States, 9 Cir., 1944, 142 F.2d 181; Elwert v. United States, 9 Cir., 1956, 231 F.2d 928." Ibid, 260 F.2d at page 417.

The indictment specifically alleges in each count thereof that the appellant falsely and fraudulently in income tax returns filed by him for the years 1955 and 1956 understated his income in the respective amounts of $34,781.16 and $22,829.86. The materiality of such false statements is readily apparent. Certainly such false statements were calculated to induce Treasury Department reliance or action. The falsity of the statements was established beyond reasonable doubt.

The majority opinion appears to concede that the allegations of the indictment sufficiently allege the offense denounced by Title 18 U.S.C. § 1001, but reverses the judgment of conviction on the ground that there was a fatal variance between the pleading in the indictment and the proof received, in that the indictment alleges "his [appellant's] farm income gross receipts for 1955" and "his fruit and cotton sales for 1956", and that the proof offered under the first indictment brought under Section 145(b) of the Internal Revenue Code of 1939 and Section 7201 of the Internal Revenue Code of 1954 did not establish beyond a reasonable doubt that the income falsely reported belonged to the appellant, as a result of which the appellant was acquitted of the charges set forth in the first indictment. Because of such acquittal, the majority opinion assumes that the income reported by appellant for the two years in question was the income of appellant's mother. In my view, such acquittal does not conclusively establish that the income reported by appellant was not his, nor does it conclusively establish that the income reported by appellant was the income of his mother. Based on such assumption, the majority opinion notes that the income tax returns filed by appellant only required that he report "his" income. The majority opinion then states, "It [income tax return] did not require that he report the amounts which constituted income to any other person. Appellant was in much the same position as a nominee of a stock brokerage account. He is not required to report as his own, income in which he has no beneficial interest." The majority opinion continues, "Since, then, appellant only was required to report his own income, and since he only purported to do that, appellant's statement of 'his' income is the only matter in which, as to him the Internal Revenue Service had a legitimate interest." I am unable to agree that appellant's statement of "his" income is the only matter in which

the Internal Revenue Service had a legitimate interest. Had no income been reported from the extensive agricultural sources mentioned in appellant's income tax returns, an investigation would undoubtedly have been commenced by the Internal Revenue Service to discover who should report such farm income. The fact that appellant reported some of the income from such sources would have a tendency to lull the Internal Revenue Service into the belief that all such income was being reported. The legitimate interest of the Internal Revenue Service extends not only to the appellant's income but to whomsoever is required to report income from any source stated in the return.

As I see the problem, the false statements made by the appellant in his income tax returns meet the standard of materiality laid down in Brandow v. United States, supra. The false statements were material because they were calculated to induce reliance or action by the Treasury Department.

It appears to me that when the majority opinion states, "This Court refuses to construe the statute in question so as to permit a taxpayer to be convicted of reporting more taxes than he rightfully owes, regardless of what his intentions may have been" that this Court engrafts a new requirement for materiality not stated in Brandow v. United States, supra. The undisputed fact is that appellant falsely and fraudulently filed income tax returns grossly understating income from extensive agricultural sources. In my view, there is no further act that should be or reasonably can be required to complete a violation of Title 18 U.S.C. § 1001.

I am satisfied that there is no fatal variance in this case between the pleading and proof.

I would not reverse the judgment of conviction on the specification of error upon which the reversal is based.