**UNITED STATES of America, Plaintiff,**

v.

**Carl A. POTSTADA, Defendant.**

**Cr. No. 37926.**

United States District Court
N. D. California, S. D.
June 26, 1962.

Cecil F. Poole, U. S. Atty., William J. Cooney, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Robert H. Schnacke, Kelso, Schnacke, Cotton & Holmer, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Defendant moves to dismiss the third count of a three count indictment upon the ground that said count fails to state an offense.

This count purports to charge a violation of Section 7206(2) of Title 26 U.S.C. The pertinent portion of the section is as follows:

"Any person who—* * *

"(2) Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, do document; * * *

"shall be guilty of a felony * * *."

The indictment charges that the defendant

" * * * did wilfully and knowingly aid and assist in, and counsel, procure, and advise the preparation and presentation to the District Director of Internal Revenue San Francisco, California, of a gift tax return of Sarah F. Weber for the calendar year 1955, which return contained a false and fraudulent statement of material fact in that it was represented in the return that Sarah F. Weber made cash gifts in the total amount of $25,000.00 to the defendant and four members of his family on January 30, 1955, whereas, as the defendant then and there well knew, no such gifts were made by Sarah F. Weber to the defendant or four members of his family at any time during the year 1955."

Title 26 U.S.C. § 2501, imposes a tax upon the donor of gifts made to a donee. Defendant argues that the indictment charges that the defendant procured the filing of a gift tax return in which it was stated that a gift tax was due and payable, when, in fact, no such tax was due. That is, that the government is claiming a violation of law by reason of the fact that defendant obtained for the government a tax that actually was not owing. Defendant contends that the government is in no way the victim of any fraud, and despite the fact that there is a bare allegation that there was a false statement of material fact, there was actually no materiality in the alleged falsity.

The heart of defendant's contention is stated in his brief as follows:

"It is universally understood that the material element of falsity or fraud in a tax return must be that there has been an *understatement* of the tax due." (Defendant's Memorandum in Support of Motion to Dismiss, p. 3).

He relies on United States v. Schenck (Cir. 2, 1942), 126 F.2d 702, 704; Gleckman v. United States (Cir. 8, 1935), 80 F.2d 394; and Jones v. United States (Cir. 4, 1960), 282 F.2d 745. See also Willingham v. United States, (Cir. 5, 1961), 289 F.2d 283, 285; Cert. den. 368 U.S. 828, 82 S.Ct. 49, 7 L.Ed.2d 31.

These cases stand for the proposition that, in income tax evasion cases, the prosecution must prove a tax loss to the government by reason of the filing of the false return since, if this were not shown, the return, however false, would not have caused the evasion of any income tax. However, these cases are not in point and are distinguishable. They

were all prosecutions under Section 7201, or other income tax evasion sections, rather than Section 7206, the section prohibiting the making of false and fraudulent statements. Also, these were post-conviction proceedings, rather than pre-trial motions as is the case here.

In Poonian v. United States (Cir. 9, 1961), 294 F.2d 74, the court reversed a conviction under 18 U.S.C., Section 1001, holding that there was no material false statement where the defendant was charged with falsely understating his income in his income tax return, but the evidence showed that he understated his income by falsely reporting his mother's income as his own, when he was purporting to report only his own income, and not that of some one else. The court said:

> "In short, under the circumstances of this case, appellant would be guilty of having violated 18 U.S.C. § 1001 only if he understated his own income, not that of another person." (294 F.2d 76)

This distinguishes Poonian, supra, from the case at bar. Here the defendant is charged with assisting, counseling, procuring and advising the preparation and presentation of a false and fraudulent gift tax return of another. This is in the language of the statute, and is exactly what Section 7206(2) proscribes. In cases dealing with Section 7206(2), its predecessor, 26 U.S.C. Section 3793(b)(1) of the 1939 Internal Revenue Code, and with 18 U.S.C. § 1001, the general false statement act, the courts seem to hold that it is not necessary to allege any pecuniary loss to the United States as the result of such false statements, and, that it is sufficient to allege and prove obstruction, delay or impairment of governmental functions. Butzman v. United States (Cir. 6, 1953), 205 F.2d 343, 349; United States v. Borgis (Cir. 7, 1950), 182 F.2d 274, 277; Brandow v. United States (Cir. 9, 1959), 268 F.2d 559, 565;

and United States v. Quirk (D.C., E.D. Pa., 1958), 167 F.Supp. 462, 464. In Brandow, supra, the court said:

> "We agree with District Judge Kraft in United States v. Quirk, supra, when he says:
>
> "'[W]e believe that the conduct Congress intended to prevent by § 1001 was the willful submission to federal agencies of false statements calculated to induce agency reliance or action, irrespective of whether actual favorable agency action was, for other reasons, impossible. We think the test is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances.' 167 F.Supp. at page 464." (268 F.2d 565)

If defendant's contention were true then it would be impossible to violate Section 7206(2) by filing false informational returns, such as was condemned in Beck v. United States, (Cir. 9, 1962) 298 F.2d 622, 633.

In any event materiality is essentially a question of fact. Whether the false gift tax return was for the purpose of frustrating or obstructing the processes of government as it related to internal revenue functions is to be determined from the evidence, and not on a pre-trial motion to dismiss, if the indictment sufficiently alleges facts from which such frustration or obstruction could be inferred. It was suggested in oral argument that the false gift tax return of Sarah F. Weber was prepared with the intent, and for the purpose, of falsely claiming a gift in defendant's income tax return. Whether this is true will be determined from the evidence, not on a pre-trial motion to dismiss.

IT IS, THEREFORE, ORDERED that defendant's motion to dismiss be, and the same is hereby denied.