**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stig B. THUNE, Defendant-Appellant.**

No. 26962

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 22, 1969.

William D. Stein (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellant.

David B. Frohnmayer (argued), San Francisco, Cal., for appellee.

Before HAMLIN, KOELSCH and ELY, Circuit Judges.

Joseph W. DuRocher, Orlando, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Orlando, Fla., Thomas G. Wilson, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

This is an appeal from a judgment of conviction entered on a jury verdict finding appellant guilty of transporting a stolen automobile in interstate commerce. Title 18 U.S.C.A., § 2312. The sole assignment of error is based on advice given by the district judge during a recess with respect to the extent to which appellant's prior criminal record might be brought out should he testify. In a general discussion of the subject with counsel, instigated by the prosecution, the court indicated that for impeachment purposes the prosecution might inquire of the defendant as to the number of his prior convictions and the name of the crime committed.[1] The court also indicated that a recent prior conviction for the same offense would be admissible on the question of defendant's intent once the elements of possession and transportation were found. The recess took place after the Government had rested. Appellant then rested without presenting any evidence.

■ Appellant's criminal record was not introduced nor is it otherwise disclosed in the record and thus is not before us. It does appear, based on the

conversation with the court, that appellant was released from prison on the day of the theft in question and that he was in prison on a judgment of conviction entered on a previous Dyer Act charge. This prior conviction would have been admissible on the question of intent just as the district court stated. Miller v. United States, 5 Cir., 1968, 397 F.2d 272; Brumley v. United States, 5 Cir., 1967, 379 F.2d 327; Weiss v. United States, 5 Cir., 1941, 122 F.2d 675.

Affirmed.

---

1. On the merits of the admissibility of prior convictions against an accused for impeachment purposes, see Reese v. United States, 5 Cir., 1965, 353 F.2d 732; and Hurst v. United States, 5 Cir., 1964, 337 F.2d 678. Where the witness to be impeached is not the accused, see Beaudine v. United States, 5 Cir., 1966, 368 F.2d 417, 420–421, and particularly footnotes 8 and 9. See also Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates, March 1969, Rule 4–04(b), and Rule 6–09.