UNITED STATES of America,
Plaintiff-Appellee,

v.

Sam Alta DRYDEN, and Ray Bueiew
Hutcheson, Defendants-Appellants.

No. 27169.

United States Court of Appeals,
Fifth Circuit.

March 23, 1970.

Certiorari Denied June 8, 1970.
See 90 S.Ct. 1869.

Harold L. Murphy, Tallapoosa, Ga., Robert B. Thompson, Gainesville, Ga., for appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before GEWIN, COLEMAN and DYER, Circuit Judges.

GEWIN, Circuit Judge:

Sam A. Dryden and Ray B. Hutcheson appeal from a conviction by a jury in the United States District Court for the Middle District of Alabama for conspiracy to violate revenue laws dealing with distilled spirits. They contend that the lower court erred in (1) overruling appellants' motion to dismiss the indictment, (2) overruling Hutcheson's motion for severance, (3) overruling appellants' motion to suppress the testimony of Robert Herrin, a government witness, (4) permitting the jury to consider Hutcheson's prior convictions in determining his intent and guilty knowledge, and (5) in failing to submit the issue of multiple conspiracy to the jury. These contentions are without merit; they are discussed in the order presented; the convictions are affirmed.

Appellants contend that the indictment should have been dismissed because compliance with the Internal Revenue laws relating to distilled spirits would have resulted in self-incrimination. In prosecuting this contention, appellants undertake a Sisyphean task. Hutcheson and Dryden were not convicted for failure to comply with the laws which they contend require self-incrimination. They were convicted of conspiracy in violation of Title 18 U.S.C. § 371. Thus, the threshold question is whether a defendant in a prosecution for conspiracy to violate certain laws can challenge the constitutionality of those laws. A discussion of this question would be purely academic. We have repeatedly held that registration and tax statutes governing distilleries do not impose the danger of self-incrimination.[1]

Hutcheson's motions for severance were predicated on his contentions that the indictment and proof showed two conspiracies, one in Mississippi and the other in Alabama; and that he was, at most, only involved in the former. Hutcheson argues that most of the evidence relates to Dryden's conspiracy in Alabama and that he suffered from guilt by association. The precise legal issue raised here is difficult to ascertain. A motion for severance, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, is addressed to the sound discretion of the trial court and a conviction will be reversed only if the refusal of the trial court to grant the relief was a clear abuse of discretion.[2] Hutcheson states:

It was and is the contention of Hutcheson that the evidence justified a finding that two conspiracies were established by the evidence.

Appellant is apparently saying that a district court abuses its discretion if it fails to grant a severance where there is sufficient evidence to support a jury's finding that two conspiracies existed instead of only one conspiracy as charged in the indictment. Hutcheson offers and we have been able to find no support for such a proposition.[3] In addi-

1. Wilson v. United States, 409 F.2d 604 (5th Cir. 1969); Thornburg v. United States, 406 F.2d 1060 (5th Cir. 1969); Anderson v. United States, 403 F.2d 206 (5th Cir. 1968). See also, United States v. Walden, 411 F.2d 1109 (4th Cir. 1969).

2. See 1 C. Wright, Federal Practice and Procedure § 227 (1969).

3. Appellant's contention appears to be perversion of a "fatal variance" argument which we have repeatedly rejected. We have held that where an indictment charges one conspiracy and two or more are proved, if the defendant was guilty of at least one conspiracy, the variance is

tion, we believe that the record may be fairly read to show only one conspiracy. There was no abuse of discretion.

■ Appellants allege that the district court erred in failing to suppress the testimony of Robert Herrin, a government witness. The testimony was improperly admitted, according to appellants, because government agents interfered with and prevented appellants' counsel from interviewing Herrin. Appellants point to two instances of interference: First, Treasury Agent Petre told Herrin not to sign a certain statement desired by appellant Hutcheson; second, Treasury Agent Berry told Hutcheson and his attorney that they could interview Herrin only in the presence of the state or federal district attorney. Appellants argue that this conduct denied them the effective assistance of counsel and due process of law.[4] Examined in context, neither of these incidents amounts to unconstitutional interference.

The record reveals that Herrin's reluctance to be interviewed did not result from improper government influence but occurred because of Hutcheson's attempts to elicit a false statement from him. Government agents became involved and gave advice in the present case only at Herrin's insistence. Soon after the indictment against Hutcheson was returned, he telephoned Herrin and asked him to sign a false statement to the effect that he had never seen Hutcheson. Herrin, apparently intimidated by Hutcheson; promised to sign the statement; however, he immediately contacted Treasury Agent Petre, ex-plained the situation and asked for advice. Herrin testified that Petre did not advise him not to talk with appellants or their attorneys but did mention that if Herrin signed the false statement he would be committing perjury. Clearly, the agent overstated his point, but under the facts and in the circumstances, we think his remark amounted to nothing more than an admonition against signing a false statement. We find no constitutional violation because Petre gave this advice at Herrin's request after the witness had explained that the requested statement was false.

■ Appellants also complain of another incident. When Hutcheson and his attorney went to Herrin's store to obtain an interview, they were met by agent Berry. He explained that they would be allowed to talk to Herrin only in the presence of the state or federal district attorney. Appellants rely heavily on Gregory v. United States[5] in arguing that the agent's conduct requires reversal. In that case, the D. C. Circuit overturned a murder conviction because the prosecutor had effectively prevented defense counsel from interviewing witnesses. The prosecutor told the witnesses not to talk to anyone about the case unless he was present. We are of the opinion that a fundamental difference exists between *Gregory* and the case before us. In the instant case, the federal agent was summoned by the witness. Herrin asked Berry to tell Hutcheson and his counsel that he (Herrin) did not wish to speak with them. Herrin clearly had a right to refuse to be interviewed.[6] If anything, the agent

---

not fatal. Jolley v. United States, 232 F.2d 83, 88 (5th Cir. 1956), *followed in* Robinson v. United States, 333 F.2d 950 (5th Cir. 1964); Harlow v. United States, 301 F.2d 361 (5th Cir. 1962); Padgett v. United States, 283 F.2d 244 (5th Cir. 1960); Parmenter v. United States, 279 F.2d 151 (5th Cir. 1960). *See also,* Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1945).

4. To support this contention, appellants rely mainly on Gregory v. United States, 369 F.2d 185 (D.C.Cir. 1966) and Byrnes v. United States, 327 F.2d 825 (9th Cir. 1964).

5. 369 F.2d 185 (D.C.Cir. 1966).

6. A witness may refuse to be interviewed or dictate the circumstances under which he will submit to an interview. Byrnes v. United States, 327 F.2d 825 (9th Cir. 1964).

understated Herrin's position. He obviously did so to shift the blame for the abortive interview from Herrin to the district attorneys. These facts and circumstances can not support a finding of a constitutional violation in our judgment.

 Appellants contend that the trial court erred in charging the jury that Hutcheson's prior criminal offenses could be considered for the purpose of determining his intent and guilty knowledge. We think this portion of the court's charge was proper, especially in light of Hutcheson's contention that he had no guilty intent or knowledge with respect to the whiskey transactions in Alabama. The Second Circuit correctly stated the applicable rule in United States v. Klein:

> Where, as here the evidence is susceptible of the interpretation that the acts alleged to constitute the crime were innocently performed and the vital issues of knowledge and intent are keenly disputed, it is well within the trial judge's discretion to permit the Government, on a properly limited basis, to introduce evidence of prior similar offenses demonstrating the unlikelihood that the defendant was a mere innocent, unknowing bystander. For in such cases the jury must be relied upon not to convict the defendant solely because he is an evil fellow with a propensity towards criminal behavior in general * * * but because of the sheer improbability that a person with his familiarity and experience with the specific criminal conduct charged might have been unaware that a crime was being committed or might have performed the acts with an innocent and lawful intent.[7]

 Hutcheson's final complaint raises again the multiple conspiracy theory. He insists that this question should have

been submitted to the jury. His reasons are wantonly defective. Hutcheson explains that if the jury had found him guilty of conspiracy in Mississippi alone, he would have been entitled to a complete acquittal because venue for a crime committed in Mississippi would have been improper in the Middle District of Alabama. Defects relating to venue are waived unless asserted prior to trial.[8] Hutcheson made no such assertion.

Finally, the record convinces us that the guilt of the defendants was unquestionably established by clear and convincing proof. They received a fair trial and the judgment of conviction should be affirmed.

Affirmed.

---

7. 340 F.2d 547, 549 (2d Cir. 1965). *See* United States v. Thune, 411 F.2d 620 (5th Cir. 1969); Matthews v. United States, 407 F.2d 1371, 1381 (5th Cir. 1969).

8. Harper v. United States, 383 F.2d 795 (5th Cir. 1967).