**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Arnold THOMPSON, Defendant-Appellant.**

**No. 71–1136**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 20, 1971.

---

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John McQuigg, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Hugh N. Smith, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

Appellant was tried to a jury and convicted on a plea of not guilty of receiving and concealing a stolen automobile moving in interstate commerce. Title 18 U.S.C.A. § 2312. This appeal followed.

There are two assignments of error. One is not likely to recur and thus decision as to it will be pretermitted. The other is controlling and requires reversal.

Appellant testified at some length as a part of his defense. The indictment rested on his failure to return a rented automobile. Several things happened to him in a short period of time. He rented the automobile on July 2, 1969 in Cincinnati, Ohio. He had travelled to Ohio from California seeking work. His business was that of installing kitchen cabinets, usually as a subcontractor. He believed that he might obtain a contract in Ohio in connection with apartment projects.

Appellant renewed the automobile rental contract two weeks later after having failed to obtain work in Cincinnati. He then travelled to Florida in the rented car in an effort to obtain work there. He became employed on a salaried job in Florida on July 26, but neither renewed nor returned the vehicle.

Appellant married on August 29. He was arrested on October 2 at the instance of his wife and charged with the felony of fondling a female child. Section 800.04, Florida Statutes Annot. Appellant thereafter pleaded guilty to contributing to the delinquency of a minor, a misdemeanor, and the felony charge was not pursued. The automobile in question was impounded when appellant was arrested on the felony charge.

In cross-examination during the automobile theft trial, the prosecutor inquired if appellant had ever been convicted of a crime. Appellant responded, "A misdemeanor." The next inquiry was as to the charge and appellant answered that it was contributing to the delinquency of a minor. The prosecutor then injected clear error into the case by his own conduct in asking, "Was not the charge the fondling of a girl under the age of 14?" Defense counsel's objections were to no avail. The court even aided the prosecutor by directing appellant to answer the question when he hesitated slightly in answering. Appellant then explained that the charge of fondling was the original charge and that he pleaded guilty to contributing to the delinquency of a minor.

The prosecutor insisted in the trial court and also insists here that the testimony as to the charge of fondling was admissible under the rule of Beaudine v. United States, 5 Cir., 1966, 368 F.2d 417:

> " * * * The one attacking credibility was entitled, at least in the first instance, to establish the number of convictions, the nature of each of the crimes charged, the date and time of conviction. * * * " 368 F.2d at 421.

The distorted view of the prosecutor comes from a focus on the language concerning "the nature of the crimes charged." The government's view is that it is entitled to present the original charge—rather than the charge on which the conviction is based. We disagree.

We made it plain in Hurst v. United States, 5 Cir., 1964, 337 F.2d 678, that evidence offered in the circumstances here for impeachment purposes is restricted to prior convictions and does not include arrests or indictments which were not followed by conviction. See also United States v. Thune, 5 Cir., 1969, 411 F.2d 620.

 Appellant relies on *Hurst*. The government fails to respond other than to hold fast to *Beaudine*. In fact the government makes no mention whatever of *Hurst* in its brief. We hold that *Hurst* is controlling and that the court committed error in admitting the evidence in question.

Reversed and remanded for further proceedings not inconsistent herewith.