445 F.2d 429
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis LEVRIE, Defendant-Appellant.
No. 31080 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises
v.
Citizens Casualty Co. of N.Y., 431 F.2d 409, Part 1 (5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 June 24, 1971.
 
 Manuel V. Lopez, Jr., San Antonio, Tex., for defendant-appellant.
 Seagal V. Wheatley, U.S. Atty., James W. Kerr, Jr., Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luis Levrie and his co-defendant, Gilberto B. Lozano, Jr.,[1] were convicted in a two count indictment for transporting and concealing approximately 264 grams of heroin[2] and for selling the same heroin.[3] Appellant Levrie was sentenced to consecutive terms of five years on these two counts. Since we find that the trial court committed no error in denying Luis Levrie's motions for severance and mistrial, we affirm.
 
 
 2
 The record reflects the following facts. Special Agent Schwartz of the U.S. Bureau of Customs, while acting as an undercover agent, received a telephone call from Lozano voicing an interest in selling a quantity of heroin. After some preliminary telephone negotiations between Lozano and Schwartz, Lozano came to Schwartz's room in the company of Levrie, who carried a set of scales. Lozano instructed Levrie to get the 'stuff' from the car. Levrie returned to the car and appeared to reach under the rear seat, and then returned to the hotel room carrying a plastic bag of heroin. Agent Schwartz was in the process of paying for the heroin when Levrie and Lozano were arrested by Customs Agents.
 
 
 3
 Prior to the trial Levrie filed a motion for severance, which was denied, but with the stipulation that it would be carried through the trial and would 'be granted if the facts are developed which render such request in the interest of Justice.' At one point the trial judge actually granted a severance and a mistrial as to Levrie. However, the court withdrew this order, again with the stipulation that the motion would continue to be carried with the case for possible consideration at a subsequent time.
 
 
 4
 At the close of the government's case, Levrie rested and again reasserted his motion for severance, which was not granted. Lozano then took the stand for the purpose of showing entrapment. Levrie contends, without citing us to any concrete examples, that the evidence introduced by the government to rebut Lozano's defense was highly prejudicial and damaging to Levrie. As a result of this, Levrie made various motions for a mistrial, all of which were overruled. Levrie's assignment of error arises from these denials. Specifically Levrie argues that although initially he was properly joined with Lozano pursuant to F.R.Crim.P. 8, when it became apparent that the bulk of evidence introduced by the government was admissible only against Lozano, then a severance was mandated by F.R.Crim.P. 14. Levrie further contends that the volume and degree of evidence admitted against Lozano made it impossible for the jury to render a fair and impartial verdict in his case, and that repeated and frequent instructions to the jury to disregard such evidence as proof against Levrie became grossly ineffective to cure the prejudicial effect of the evidence.
 
 
 5
 In disposing of Levrie's appellate contention, some general observations gleaned from the numerous decisions of this Circuit on the topic of severance are appropriate. The task of granting or denying a motion for severance is a discretionary function of the trial judge, who must weigh prejudice to the defendant caused by the joinder against the obviously important consideration of economy and expedition in judicial administration. Flores v. United States, 379 F.2d 905 (5th Cir. 1967). Thus, since this matter is addressed to the sound discretion of the trial judge, a conviction will be reversed only if the refusal of the trial judge to grant the relief is a clear abuse of discretion and prejudice to the defendant is positively shown. United States v. Kershner, 432 F.2d 1066 (5th Cir. 1970); United States v. Dryden, 423 F.2d 1175 (5th Cir. 1970), cert. denied 398 U.S. 950, 90 S.Ct. 1869, 26 L.Ed.2d 290 (1970).
 
 
 6
 Since a determination of what constitutes an abuse of discretion depends upon the facts in each praticular case, Schaffer v. United States,221 F.2d 17 (5th Cir. 1955), it is incumbent upon the party seeking to show such abuse to make a positive showing of the prejudice to the movant which has resulted. Posey v. United States, 416 F.2d 545, 551 (5th Cir. 1969). The burden is not one which can be readily carried. As we observed in Tillman v. United States, 406 F.2d 930, 935 (5th Cir. 1969):
 
 
 7
 The ruling of the trial judge will rarely be disturbed on review. 8 Moore, Federal Practice P14.02(1), p. 14-3 (2d ed. 1968). The defendant must show something more than the fact that 'a separate trial might offer him a better chance of acquittal.'
 
 
 8
 Applying these principles to the instant case, we find that Levrie has failed to meet his burden of making a positive showing of prejudice. Our own independent examination of the record also fails to disclose any example where the chance of prejudice was not removed by the court's careful action. On numerous occasions both the court and Levrier's attorney admonished the jury that they were not to consider evidence admitted exclusively against Lozano in determining the guilt of Levrie.
 
 
 9
 Moreover, even though Levrie had rested at the close of the Government's case, he was afforded the opportunity of cross-examining Lozano, who took the stand, and all of the witnesses who testified against him. Thus, Levrie had ample opportunity to know and challenge the evidence and to confront the witnesses introduced at the trial.
 
 
 10
 Nor did the evidence introduced against Lozano have such a cumulative or statistical influence as would leave us in grave doubt that the conviction could stand. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Rather, we can safely say that even if some of such evidence were assumed to be prejudicial, it was purely cumulative and, apart from all of the evidence admitted against Lozano, the case against Levrie was so overwhelming we could still conclude that any possible error was harmless beyond a reasonable doubt. Clearly any assumed error in such circumstances would not be great enough to evince an abuse of discretion.
 
 
 11
 Considering the record and applicable law, we perceive no error. The judgment is therefore
 
 
 12
 Affirmed.
 
 
 
 [1]
 The motion of the government to dismiss the appeal on behalf of Lozano was granted by this court. Lozano is, therefore, not involved in this appeal
 
 
 [2]
 21 U.S.C.A. 174 (1961)
 
 
 [3]
 26 U.S.C.A. 4704(a) (1967)