**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William O. PARTEN and Lewis Lynn**
**Whitmire, Defendants-Appellants.**

**No. 71–3201**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 9, 1972.

Rehearing and Rehearing En Banc
Denied July 19, 1972.

* [1] Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Lee A. Chagra, El Paso, Tex., for defendants-appellants.

Seagal V. Wheatley, William S. Sessions, U. S. Attys., Wayne F. Speck, Joel D. Conant, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

This is an appeal from a judgment entered upon a jury conviction of each defendant for knowingly and willfully making and using a false writing and document in violation of 18 U.S.C.A. § 1001. We affirm.

The defendants arrived at San Antonio, Texas, aboard a flight from Mexico. Parten used the name William Owen, and Whitmire used the name John David Sharrard on their respective Customs Declarations and both responded in the affirmative when asked if the names used were theirs. The fictitious names were used by the defendants on their airlines passenger tickets and notarized affidavits of residency. Parten had a Florida driver's license in the name of Owens, and Whitmire had an identification card, Social Security card and a pawn ticket in the name of Sharrard.

At the time of their arrest the defendants were on probation from a six months' suspended sentence entered upon a misdemeanor conviction in the State of Utah, involving 130 pounds of marihuana. Parten realized that if he went through Customs in San Antonio he would avoid Customs in El Paso where the inspectors knew him.

The defendants first contend that the Government's evidence failed to show that their actions were within the purview of 18 U.S.C.A. § 1001. They argue that Customs had no right or power to require defendants to execute form 6059–B absent a purchase in Mexico of over $100.00 of merchandise. Furthermore, they allege that the form was used as a convenience in identifying people and this was not material to Customs. We disagree.

It is abundantly clear that the intent of the defendants was to deceive the Customs Service at the border. The defendants did not claim any privilege against placing their names on the Customs declaration forms. They voluntarily did so. But this is no defense to a violation of § 1001. Poonian v. United States, 9 Cir. 1961, 294 F.2d 74. Moreover, their reliance upon the premise which they construct, that Customs should not have inquired of their names, ergo, their false statements were made with impunity, is unfounded for "it cannot be thought that as a general principle of our law a citizen has a privilege to answer fraudulently a question that the Government should not have asked. Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood." Bryson v. United States, 1969, 396 U.S. 64, 72, 90 S.Ct. 355, 360, 24 L.Ed.2d 264.

We are equally unimpressed with defendants' argument that the declaration was a mere convenience. While U.S. Customs Form 6059–B (signed by the defendants) states on its face that a person may make an oral declaration if foreign purchases were less than $100, every passenger is, nevertheless, asked to sign the declaration not only as a duty form but also for the purpose of identifying the incoming passenger. Customs uses the form as a first line defense to keep contraband and narcotics from entering the United States by identifying suspected or wanted individuals. Since it is impossible to thoroughly search everyone, Customs maintains a wanted list and utilizes a computer system to identify possible suspects. In this case, the computer gave a negative response when the fictitious names of the defendants were fed into it.

The defendants next contend that their conduct, however willful, that is, done deliberately and with knowledge, was not material and, since materiality is an essential element of the offense charged, Rolland v. United States, 5 Cir. 1953, 200 F.2d 678, they could not be found guilty. They argue that but for the marihuana found in their luggage it was probable that their true names, had they been known by Customs, would not have been put through the computer. We are unwilling to decide the case on this conjectural possibility. The fact is that the computer was used after the true names of the defendants were learned from interrogation, following the discovery of marihuana, and a "hit" was made on Parten's name. The fact that on this basis alone the defendants could not have been arrested on the spot is of little importance. What may further have been developed by Customs with such knowledge evidences the materiality of the falsifications of defendants' names submitted to Customs.

The defendants raise in this Court for the first time a challenge to the validity of the indictments on the

ground they fail to allege facts showing in what manner defendants' actions were material to Customs in enforcing the laws of the United States. Suffice it to say that the indictments are sufficient to place the defendants on notice of the charges which they must defend and to plead jeopardy after their conviction should they again be charged with the same or similar offense. *See* United States v. Bearden, 5 Cir. 1970, 423 F.2d 805, cert. denied 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68; James v. United States, 5 Cir. 1939, 416 F.2d 467, cert. denied 397 U.S. 907, 90 S.Ct. 902, 25 L. Ed.2d 87.

Finally, it is asserted that it was error for the district court to admit evidence of a prior conviction of both defendants for the possession of 135 pounds of marihuana. Pointing out that "willful," in the statute under which they were prosecuted, means no more than that the forbidden act must be done deliberately and with knowledge but does not require evil intent, McBride v. United States, 5 Cir. 1955, 225 F.2d 249, defendants argue that the convictions could not be introduced as bearing on their intent or motives. We disagree. The prior conviction clearly was admissible to prove the defendants' motive in presenting the false identity and to prove that it was done deliberately and with knowledge. United States v. Dryden, 5 Cir. 1970, 423 F.2d 1175.

The other issues raised by the defendants are devoid of merit.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.