**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leonor GUZMAN, a/k/a Felicitas
Flores, Defendant-Appellant.**

**No. 85–2425
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1986.

Roland E. Dahlin, II, Marjorie A. Meyers, Houston, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

In appealing her conviction for making false statements to the Social Security Administration, Leonor Guzman challenges the sufficiency of the evidence, disputes the admission of a waiver of constitutional rights as a handwriting exemplar and contests the indictment as multiplicitous. She

was convicted and given four years supervised probation on two counts of knowingly and willfully making false representations of material fact because she filed two documents in her application for supplemental security income benefits that used her sister Felicitas' name, age and birthplace. We affirm the district court.

## I

Augustin Guzman and Maria DeJesus Tristan had five daughters: Felicitas (later married to Arturo Flores), Florencia, Berta, Maria Ereopajita ("Pajita") and Leonor, the defendant-appellee. All her sisters testified for the United States against Leonor. They identified the defendant as Leonor, and they established her birthplace as Mexico. Leonor was born in 1930; Felicitas was born in 1917. Felicitas testified that she had never authorized Leonor to use her name and that she had once been detained at the Mexican border because someone had crossed before her using her name.

The United States introduced an "Application for Supplemental Security Income" and an "Additional Statement of Living Arrangements, Support and Maintenance" signed Felicitas Flores which listed a birth date of 1917 and a birth place of Texas. A government witness identified Leonor as the person who had signed the forms. Leonor submitted the forms in application for supplemental security income benefits, which are available only to United States citizens or legal residents who are sixty-five or more years old or who have some disability. Another government witness testified that Leonor had signed a waiver of constitutional rights which was used as a handwriting exemplar for Leonor.

Defense witnesses testified that they had known Leonor as Felicitas Guzman and later as Felicitas Flores. One defense witness testified that Leonor had been referred to as Felicitas in the presence of her family.

Leonor was indicted on two counts of making false representations of material fact to an agency of the United States in a matter within the jurisdiction of the agency in violation of 18 U.S.C. § 1001. The jury returned a verdict of guilty on both counts. The district court sentenced Leonor to serve four years on each count with the sentences to run concurrently and suspended the execution of the sentences and placed her on supervised probation for four years.

Leonor argues that the evidence does not support her conviction for knowingly and willfully making a false representation to the Social Security Administration. Leonor argues that representing herself as Felicitas Flores was not false because the evidence showed that she had been using the name Felicitas Flores for years. She also contends that the government did not establish beyond a reasonable doubt that any false representation was willful.

Next, Leonor argues that the district court committed reversible error when it admitted the waiver of constitutional rights form as a handwriting exemplar. Leonor contends that the waiver's admission would lead the jury to speculate about the substance of the interview at which the waiver was given.

Finally, Leonor argues that she was placed in jeopardy twice for the same offense because she was indicted for two violations when she made only one representation.

## II

### A.

Leonor contends that there is insufficient evidence to support the conviction for making a false representation in violation of 18 U.S.C. § 1001 because the evidence established that she was known to her friends as "Felicitas Flores" for more than forty years. Leonor claims that, because the signature used on the Social Security application forms is the name she customarily uses and because Texas law allows the use of an assumed name to transact business, she did not make a false representation, or, that even if the representation was false, it was not willful or knowing.

■ Section 1001 declares that it is an offense to knowingly and willfully make a false representation of material fact in any matter within the jurisdiction of any agency of the United States. A false representation is one that is incorrect and untrue and is made with an intent to deceive or mislead. *United States v. Lange*, 528 F.2d 1280, 1286 n. 10 (5th Cir.1976). The requirement that the false representation be made "knowingly and willfully" is satisfied if the defendant acts deliberately and with the knowledge that the representation is false. *United States v. Smith*, 523 F.2d 771, 774 (5th Cir.1975), *cert. denied*, 429 U.S. 817, 97 S.Ct. 59, 50 L.Ed.2d 76 (1976).

In this case the jury found Leonor guilty on both counts of violating Section 1001, implicitly finding that the representations were false and "knowingly and willfully" made. In reviewing a challenge to the sufficiency of the evidence after a conviction, we view the evidence in the light most favorable to the government, and we will reverse the conviction only if a reasonable trier of fact could not find that the evidence established guilt beyond a reasonable doubt. *United States v. Barrilleaux*, 746 F.2d 254, 256 (5th Cir.1984). The evidence amply supports the finding of guilt, and thus the conviction should not be disturbed.

The evidence established that on March 9, 1983, Leonor applied for supplemental security income benefits and signed the name "Felicitas Flores" to the application and supplemental support statement. She identified the place of her birth as Texas and the date of her birth as July 11, 1917 when, the evidence showed, she was born in Mexico in 1930. The testimony of Leonor's sisters showed that Felicitas Flores is the much older sister of Leonor Guzman who was born in Texas in 1917.

■ This evidence is more than sufficient to establish that a false representation was made knowingly and willfully. *Cf. United States v. Parten*, 462 F.2d 430, 432 (5th Cir.), *cert. denied* 409 U.S. 983, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972) (using a fictitious name is false representation with-in the meaning of 18 U.S.C. § 1001). The jury could infer from Leonor's misrepresentation of her name, age and place of birth that she acted deliberately and with the intent to deceive. The fact that Texas law allows the use of an assumed name to transact business is irrelevant. Leonor intended to misrepresent who she was; she used false personal data such as birth date and place to obtain benefits that she was not entitled to.

### B.

Leonor next contends that the district court erred when it admitted into evidence, without limiting instructions, both a waiver of rights that she signed "Felicitas Flores" during an investigation by Texas authorities and the testimony of the state officer who witnessed the signing. The government offered the waiver form and the testimony of the state officer only to provide an authenticated exemplar of Leonor's signature. Leonor contends that the district court erred because other means of obtaining a handwriting exemplar were available and because the evidence might lead the jury to speculate about the interview with Texas authorities, the contents of which were excluded from evidence. Leonor claims that the prosecutor's later comments that the defense had not disproved the government's case heightened the prejudicial effect of this evidence. Leonor argues that the combination of the waiver form without limiting instructions and the prosecutor's comments impermissibly focused the jury's attention on her exercise of the right to remain silent.

■ Leonor, however, withdrew her objection to the introduction of the waiver form, and did not request limiting instructions when it was introduced. In this circumstance, the trial court will be reversed only if the omission of the instruction was plain error. Fed.R.Crim.P. 52(b). *See United States v. Wentland*, 582 F.2d 1022, 1025 (5th Cir.1978), *cert. denied* 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979). Plain error is obvious and substantial error that affects the fairness, integrity or public

reputation of judicial proceedings. *United States v. Cormier,* 639 F.2d 1177, 1182–1183 (5th Cir.1981).

■ If the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, the district court did not commit plain error. Fed.R. Evid. 403. Leonor has made no showing that she was prejudiced by the introduction of this evidence; hypothetical juror speculation about the circumstances surrounding the signing of the waiver is not a showing of prejudice. On the other hand, the probative value of the evidence is considerable. Identifying the signature as Leonor's handwriting was an important element of the government's case. The handwriting exemplar was authenticated, and a court-ordered exemplar taken during the prosecution would have been less probative because Leonor might have tried to disguise her handwriting. *See United States v. Hamann,* 688 F.2d 507, 513 (7th Cir.1982), *cert. denied* 460 U.S. 1013, 103 S.Ct. 1255, 75 L.Ed.2d 483 (1983). Because the evidence was highly probative and the danger of unfair prejudice was only remote, the district court did not err in allowing the introduction of the evidence without limiting instructions.

■ Leonor further claims that the prosecutor's comment that "the defense has provided no real defense to this case" was an improper comment on her failure to testify. Though the government may not comment directly or indirectly on the defendant's failure to testify, the government may comment on the failure of the defense, as opposed to the defendant, to counter or explain the evidence. *United States v. Bright,* 630 F.2d 804, 825 (5th Cir.1980). Such a comment is a basis for reversal only where it is "of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Id.* at 825. In the context of this case, the prosecutor's comment was not such that the jury would construe it to be a comment on the failure of the defendant to testify; the prosecutor's comment focused on the defense's failure to counter the government's evidence. *Cf. United States v. Bates,* 512 F.2d 56, 58 (5th Cir.1975) (improper remark: "You didn't hear from the culprit."). Furthermore, the court's cautionary instructions immediately following the comments made it clear that the defendant has no burden to produce any evidence in a criminal trial.

## C.

Leonor's last contention is that the indictment is multiplicitous because it takes a single offense and divides it into two counts. Leonor claims that only one false representation was made, that is, her representation that she was Felicitas Flores, and that the false signatures on the application form and supplemental statement are two pieces of evidence showing this one false representation.

■ Whether a transaction results in the commission of one or more offenses is determined by whether separate and distinct acts made punishable by law have been committed. *United States v. Swaim,* 757 F.2d 1530, 1536 (5th Cir.), *cert. denied* —— U.S. ——, 106 S.Ct. 81, 88 L.Ed.2d 66 (1985). Section 1001 declares it an offense to knowingly and willfully make a single false representation of material fact to a United States agency. 18 U.S.C. § 1001.

■ An offense is separate and distinct when conviction under one count requires proof of an additional fact that the other count does not require. *Swaim,* 757 F.2d at 1536, *citing Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Where false statements are made in distinct and separate documents requiring different proof as to each statement, the filing of each false document constitutes a crime, and each filing may be alleged in a separate count of the indictment. *United States v. Shaid,* 730 F.2d 225, 231 (5th Cir.), *cert. denied* —— U.S. ——, 105 S.Ct. 151, 83 L.Ed.2d 89 (1984) (interpreting 18 U.S.C. § 1014, which makes it an offense to knowingly make false statements to a federally insured

bank). In this case Leonor falsely represented her name on two different documents. Each misrepresentation constituted a separate offense under Section 1001 because the proof of each count was contained in a separate document. Each count therefore required evidence not necessary to prove the other count. Leonor attempts a distinction by pointing out that in this case the two false documents were presented in the same transaction and the same falsity is contained in both documents. The distinction fails. *Cf. United States v. Miranne,* 688 F.2d 980, 986 (5th Cir.1982) (41 false photocopies were 41 false statements under 18 U.S.C. § 1014); *Bins v. United States,* 331 F.2d 390, 393 (5th Cir.), *cert. denied,* 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964) (filing two different false documents in *same transaction* constitutes two crimes under 18 U.S.C. § 1010, which makes it an offense to knowingly make false statements in an FHA loan application).

### III

Because we find that the evidence was sufficient, that no error was committed in the admission of evidence, that no improper reference was made to the defendant's failure to testify and that the indictment was not multiplicitous, the judgment of the district court is therefore

AFFIRMED.