**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 6, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 05-20122
Summary Calendar

——————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YANIV IFRAH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-515-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yaniv Ifrah ("Ifrah") was convicted by a jury of making a false statement in violation of 18 U.S.C. § 1001 and assaulting a Customs and Border Protection ("CBP") officer in violation of 18 U.S.C. § 111. Ifrah asserts that the evidence was insufficient to satisfy the knowing and willful requirement of 18 U.S.C. § 1001, because he did not know his conduct of supplying a material false statement to the CBP officer was in violation of the law. Under 18 U.S.C. § 1001, "[t]he requirement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the false representation be made 'knowingly and willfully' is satisfied if the defendant acts deliberately and with the knowledge that the representation is false." United States v. Guzman, 781 F.2d 428, 431 (5th Cir. 1986). A review of the record reveals that there was sufficient evidence for the jury to find that, when Ifrah stated that he did not know anybody or any address in the United States, Ifrah was acting deliberately and with the knowledge that this statement was false.

Ifrah also contends that the district court erred in refusing to give jury instructions concerning the holding of United States v. Schnaiderman, 568 F.2d 1208 (5th Cir. 1978), reversed on other grounds, United States v. Rodriguez-Rios, 14 F.3d 1040, 1044-50 (5th Cir. 1994) (en banc), and the meaning of the word "willfully." Ifrah's suggested jury instructions are not correct statements of the law. As a result, the district court did not abuse its discretion in refusing to give Ifrah's proposed instructions. See United States v. Asibor, 109 F.3d 1023, 1035-36 (5th Cir. 1997); see also McBride v. United States, 225 F.2d 249, 254-55 (5th Cir. 1955).

Ifrah further contends that the district court erred in making factual findings regarding physical contact and obstruction of justice independent of the jury under the preponderance-of-the-evidence standard. Ifrah does not challenge the reasonableness of his sentence. Under the advisory sentencing scheme post-Booker, district judges may find facts

relevant to sentencing, employing the preponderance-of-the-evidence standard. See United States v. Mares, 402 F.3d 511, 518-19, n.6 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005); United States v. Booker, 125 S. Ct. 738, 767 (2005); United States v. Lopez-Urbina, __ F.3d __, No. 04-50135, 2005 WL 1940118 at *5 (5th Cir. Aug. 15, 2005), cert. denied, 126 S. Ct. 672 (2005).

AFFIRMED.