# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-40081
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PAUL GENE YAGER

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-306-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Paul Gene Yager appeals his jury conviction for possession of marijuana with intent to distribute. He argues that the district court abused its discretion by allowing Special Agent Carlos Lavastida to testify regarding the contents of Yager's logbook because Agent Lavastida was not an expert and had no specialized knowledge of applicable Department of Transportation (DOT) regulations. Yager also argues that the Government committed prosecutorial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misconduct by commenting in its closing argument about Yager's failure to testify at trial.

This court reviews a district court's evidentiary rulings for abuse of discretion subject to harmless-error analysis. United States v. Cantu, 167 F.3d 198, 203 (5th Cir. 1999). The requirements of the Federal Rules of Evidence governing expert testimony apply only to testimony from a witness tendered as an expert. United States v. Allard, 464 F.3d 529, 533 (5th Cir. 2006). A court may allow expert testimony if the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. However, if a witness is not presented as an expert but instead provides lay opinion testimony, the testimony must satisfy the requirements of FED. R. EVID. 701. "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" United States v. Yanez Sosa, 513 F.3d 194, 200 (5th Cir. 2008) (quoting FED. R. EVID. 701, Advisory Committee Notes to 2000 Amendments).

In the instant case, Agent Lavastida's testimony was admissible as lay witness testimony under FED. R. EVID. 701. Agent Lavastida's testimony about the logbooks represented his opinion about matters with which he had meaningful experience, and was based on personal knowledge derived from his investigation into potential inconsistencies between the logbook and Yager's bill of lading. Moreover, Agent Lavastida's testimony was based upon facts that were readily apparent from the logbook entries, and his opinions were consistent with those that a normal person easily could form from reviewing the same information. See Yanez Sosa, 513 F.3d at 200. Accordingly, Yager has not shown that the district court abused its discretion by permitting Lavastida to testify about the content of Yager's logbooks.

Yager also has not shown that the Government committed prosecutorial misconduct by improperly referring to his failure to testify at trial.  A violation of the Fifth Amendment occurs either if the prosecutor's "manifest intent" was to comment on the defendant's failure to testify or if a jury would "naturally and necessarily" interpret the prosecutor's remarks as a comment on the defendant's failure to testify.  United States v. Collins, 972 F.2d 1385, 1406 (5th Cir. 1992).  The prosecutor's intent is not "manifest" if some other equally plausible explanation exists for the remark.  Id.  Further, the question is not whether a jury possibly or probably would view the prosecutor's remark as a comment on the defendant's silence, but whether a jury "necessarily" would construe the remark in such a way.  Id.

In the instant case, the prosecutor neither explicitly referenced Yager's refusal to testify, nor did he instruct the jury to draw any conclusion from Yager's failure to testify.  Instead, the prosecutor's statements merely delineated the evidence that was presented and identified for the jury the inferences and conclusions that he wanted the jury to draw from that evidence.  The prosecutor's statements furthermore were intended to emphasize to the jury that the defense had failed to counter or explain the inculpatory evidence that had been presented at trial.  Thus, the prosecutor's statements did not improperly comment on Yager's failure to testify and did not violate his Fifth Amendment rights.  See United States v. Munoz, 150 F.3d 401, 414-15 (5th Cir. 1998); United States v. Guzman, 781 F.2d 428, 432 (5th Cir. 1986).

AFFIRMED.