# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2011

No. 09-20716
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RIZWAN SAEED,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-260-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rizwan Saeed pleaded guilty to an information charging that he knowingly and willfully made a false material statement within the jurisdiction of the executive branch of the Government of the United States. He contends that his plea was invalid because there was an insufficient factual basis in support of his plea, that the district court abused its discretion by refusing to allow him to withdraw his plea, and that at the least it should have granted an evidentiary hearing. We affirm the conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saeed was charged with violating 18 U.S.C. § 1001(a)(2), which prohibits "knowingly and willfully . . . mak[ing] any materially false, fictitious, or fraudulent statement or representation" in "any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." The defendant must act with specific intent to deceive or mislead.[1] Saeed argues that the factual basis in this case did not establish that he committed the offense with the required intent.

A district court may not enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea.[2] We consider the entire record of the proceedings in assessing whether there was a sufficient factual basis,[3] including the allegations in the information[4] and any sworn assertions at rearraignment.[5] The factual basis must be specific enough to allow the district court to determine that the defendant's conduct constituted a crime.[6] Because Saeed did not object to the sufficiency of the factual basis in the district court, this court reviews the issue for plain error only.[7]

An examination of the record supports the district court's conclusion that there was a sufficient basis for Saeed's plea. The factual basis to which Saeed agreed at rearraignment set forth that he knowingly made a false statement to federal agents during an investigation into potential misconduct. That sworn statement explains that Saeed was employed as a Customs and Border

---

[1] *See, e.g.*, *United States v. Guzman*, 781 F.2d 428, 431 (5th Cir. 1986).

[2] FED. R. CRIM. P. 11(b)(3).

[3] *United States v. Vonn*, 535 U.S. 55, 74 (2002).

[4] *See United States v. Bachynsky*, 949 F.2d 722, 730 (5th Cir. 1991).

[5] *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

[6] *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006).

[7] *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).

Protection officer and had access to computer databases that were for official use only and which were not publicly available. In June 2008, an FBI agent, along with a Department of Homeland Security employee, interviewed Saeed about his computer usage. During the interview, Saeed was asked if he had used a government computer to conduct queries for Khalid Siddiqui, a person whom Saeed was familiar with. According to the statement, Saeed replied that "he did not think he made computer queries regarding the name Khalid Siddiqui, which was a statement that he knew to be false." In fact, Saeed had "conducted unauthorized computer queries on a government computer regarding the name Khalid Siddiqui, which included six variations of the name . . . on July 17th of 2007 and . . . September 15th of 2007." Saeed's knowing misrepresentation to investigators during an investigation into his possible misconduct was sufficient for the finder of fact to infer that he acted with intent to deceive.[8]

Saeed also argues that the district court abused its discretion by denying his motion to withdraw his guilty plea without conducting the analysis required by *United States v. Carr*.[9] We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.[10] The failure of the district court to address each of the *Carr* factors individually does not establish that the court abused its discretion.[11]

Saeed's contention that the district court did not consider the *Carr* factors is belied by the record. The *Carr* factors were addressed in pleadings related to his motion to withdraw his plea and were raised before the district court at sentencing.[12] The record indicates that the court considered several of the *Carr*

---

[8] *See Guzman*, 781 F.2d at 431.

[9] *See* 740 F.2d 339, 343–44 (5th Cir. 1984).

[10] *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

[11] *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

[12] *Cf. Powell*, 354 F.3d at 371.

factors and cited specific factors that informed its decision to deny the motion.[13] Saeed has not offered any argument or facts establishing that the district court's disposition of his motion was incorrect; he has not addressed any of the *Carr* factors or argued whether those factors support granting his motion. Thus, Saeed has not shown that the district court abused its discretion in denying his motion to withdraw his plea.[14]

Saeed also asserts that the district court should have held an evidentiary hearing prior to denying his motion to withdraw his plea. A district court's decision not to hold an evidentiary hearing on a motion to withdraw is reviewed for abuse of discretion.[15]

Saeed has failed to identify any facts which, if proven, would have justified withdrawal of his plea.[16] Although he insists that his plea was not given freely and voluntarily and that he did not commit the offense of conviction, he failed to proffer any evidence or factual allegations to support those assertions. His contention that the district court wrongly denied a hearing based upon its belief that a "mini-trial" would be required is not supported by the record.

AFFIRMED.

---

[13] *See Badger*, 925 F.2d at 104.

[14] *Cf. Powell*, 354 F.3d at 370.

[15] *Id.*

[16] *See id.*