# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

No. 11-30297
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM B. CREEL,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-11-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant William B. Creel on one count of making a false statement to a federal law enforcement agent in violation of 18 U.S.C. § 1001(a)(2). The court sentenced him to 12 months in prison, an increase from the guidelines-recommended sentence of six months. Creel appeals. We affirm.

The false statement was made while state police and the federal Bureau of Alcohol, Tobacco, and Firearms (ATF) were investigating possible criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

activity by the Bandidos outlaw motorcycle gang and the LA Riders, an associated gang, as well as the recent exposure of two police confidential informants. The verdict established that, during a contentious telephone call with an ATF agent, Creel falsely denied being at a specific Bandido's trailer where the exposure of a confidential informant was discussed.

Creel contends that the evidence was insufficient to prove that he intended to deceive the ATF agent. We review preserved claims of insufficient evidence de novo and will affirm the conviction if, after viewing the evidence, the reasonable inferences therefrom, and all credibility determinations in favor of the verdict, we conclude that a rational jury could have found that the government proved the elements of the crime beyond a reasonable doubt. *See United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999).

Under § 1001, a false statement must have been "made with an intent to deceive or mislead." *United States v. Guzman*, 781 F.2d 428, 431 (5th Cir. 1986). Creel argues that he made the false statement merely to aggravate the agent during a heated argument. A false statement was not an exclusive or necessary method of expressing anger, and its primary aggravating effect would seem to have been its tendency to deceive the agent. Moreover, Creel's denial was made as he defended himself and his motorcycle club, the Arawyns, against accusations that they had ties to the Bandidos. A reasonable jury could conclude that Creel made his false statements to deflect suspicion from him and the Arawyns by deceiving the government. *See id.*; *Moreno*, 185 F.3d at 471. This claim fails.

Creel also contends that the evidence was insufficient to prove that his statement was material to the investigation. As he raised this issue in his reply brief rather than his main brief, we are not required to consider it. S*ee United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). We nevertheless exercise our discretion to review it as a response to the mention of materiality in the

government's brief. *See United States v. Seale*, 600 F.3d 473, 488 (5th Cir.), *cert. denied*, 131 S. Ct. 163 (2010).

To determine materiality under § 1001, we seek to ascertain that which was the false statement and the decision that the agency was attempting to make. *United States v. Najera Jimenez*, 593 F.3d 391, 399-400 (5th Cir. 2010). We then ask whether the statement at issue had "a natural tendency to influence, or be capable of influencing" that decision. *Id.* (internal quotation marks, alteration, and citation omitted). It does not matter whether the false statement actually or probably influenced the decision, only "whether the misrepresentation was *capable* of influencing the agency decision." *Id.* at 400 (internal quotation marks and citation omitted).

The ATF was attempting to determine whether there was an association between the Arawyns and Creel and the Bandidos. According to the indictment and the evidence, the ATF wanted to know who was at the trailer to determine if there was a leak of information to the Bandidos and, if so, who leaked it, and to include or exclude suspects or witnesses. Creel's false denial that he was at the trailer was naturally "capable of influencing" the government's answer to that question by suggesting there was no connection between himself and the Bandidos. *See Najera Jimenez*, 593 F.3d at 399-400. This claim also fails.

Before the trial, the district court granted the government's motion in limine to exclude evidence that Creel thought he was talking to a state policeman rather than an ATF agent when he made his false statement. Creel challenges the exclusion of that evidence on the ground that it prevented him from showing that his statement was made only to aggravate the state policeman. Evidence of a misunderstood identity was irrelevant to Creel's defense because the government was not required to prove that Creel knew he was talking to a federal agent or even that his denial might reach a federal agent. *See United States v. Taylor*, 582 F.3d 558, 562 (5th Cir. 2009); *United States v. Baker*, 626 F.2d 512, 514, 516 (5th Cir. 1980). Moreover, Creel was not

precluded from testifying that he made the statement merely to aggravate rather than to deceive.

In any event, and despite the adverse ruling, Creel testified that he did not believe he was talking to an ATF agent.  This testimony failed in the face of the recorded telephone call that showed in a compelling and essentially irrefutable manner that the ATF agent clearly identified himself as such and that Creel had no reason to believe the agent was not who he said he was.  If there were any error, it could not have affected Creel's substantial rights and therefore would have been harmless under Federal Rule of Criminal Procedure 52(a).  This claim warrants no relief.

Creel also challenges his 12-month sentence, which was double the six-month sentence recommended under the Sentencing Guidelines.  The court justified the sentence as either a departure under the Guidelines or as a variance outside the Guidelines pursuant to the sentencing factors of 18 U.S.C.§ 3553(a).  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (identifying types of sentences).  The court thoroughly explained that a 24-month sentence would readily be warranted in light of Creel's failure to abate or prevent the risk of harm to the exposed confidential informants.  The court also noted that Creel had a close relationship with the Bandidos and had provided them with information and ammunition.  The court nevertheless imposed only a 12-month sentence in light of Creel's military service and health issues.

Creel ultimately asserts only that the district court wrongly weighed the § 3553(a) factors in light of his personal history and the facts of the offense.  He thus asks us to reweigh those factors in his favor.  This is precisely contrary to the deferential standard of review for abuse of discretion prescribed by the Supreme Court.  *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

Creel shows no entitlement to relief.  The judgment of the district court is AFFIRMED.