**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 9, 2012

Lyle W. Cayce
Clerk

No. 11-30790
Summary Calendar

GEORGE LEE,

                              Petitioner-Appellant

v.

VENETIA MICHAEL, Warden,

                              Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1712

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant George Lee, Louisiana prisoner # 437722, was convicted by a jury of five counts of forcible rape and three counts of second degree kidnapping. He was sentenced to a 32-year term of imprisonment. *State v. Lee,* 844 So. 2d 970, 974-75, 1000 (La. Ct. App. 2003). Lee filed an application under 28 U.S.C. § 2254 in federal court, claiming, inter alia, that the prosecution violated his rights under the Fifth Amendment by commenting on his failure to testify during closing argument. The district court denied relief on the ground

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it was clear from the record that the prosecution was not commenting on Lee's failure to testify, but was instead using the trial evidence to contradict Lee's taped statement that was played to the jury. The district court nevertheless granted a certificate of appealability on this issue.

A federal court may not grant habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the state court's ruling was the result of "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).

A prosecutor's comment on a defendant's failure to testify violates the Fifth Amendment right against self-incrimination. *Griffin v. California*, 380 U.S. 609, 613-15 (1965); *United States v. Martinez-Larraga*, 517 F.3d 258, 266 (5th Cir. 2008). Remarks made by a prosecutor must be considered in context. *United States v. Delgado*, 672 F.3d 320, 335 (5th Cir. 2012) (en banc) (direct appeal). The Fifth Amendment is violated if the prosecutor's "manifest intent . . . must have been to comment on the defendant's silence" or if "the character of the remark [was] such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *Cotton v. Cockrell*, 343 F.3d 746, 751 (5th Cir. 2003). There is no manifest intent to comment on a defendant's failure to testify if there is another "equally plausible" explanation for a prosecutor's remarks. *United States v. Collins*, 972 F.2d 1385, 1406 (5th Cir. 1992) (internal quotation and citation omitted). The relevant question with regard to the character of such a remark is not whether a jury "possibly or even probably" would view it as a comment on the defendant's silence, but whether a jury would necessarily construe it as such. *Id.*

When read in context of the record as a whole, it is clear that the prosecutor was contending that the trial evidence showed Lee's taped statement

explaining that he and one of the victims had had consensual sex simply made no sense. The prosecutor's comments were consistent with the trial evidence. *See Delgado*, 672 F.3d at 336. An attorney may argue to the jury the "inferences and conclusions" that it should draw from the evidence so long as counsel's assertions are based on the evidence. *Id.* The prosecutor's closing argument in this case sounds as a comment on the defense's failure to undermine or rebut the State's evidence rather than a reference to Lee's silence. *See Montoya v. Collins*, 955 F.2d 279, 287 (5th Cir. 1992); *United States v. Guzman*, 781 F.2d 428, 432 (5th Cir. 1986). Lee has not shown that the district court erred in determining that the state court's adjudication of his claim was not unreasonable in light of the facts and clearly established federal law. *Charles v. Thaler*, 629 F.3d 494, 498 (5th Cir. 2011); *see* § 2254(d)(1), (2).

AFFIRMED.