UNITED STATES of America, Plaintiff–Appellee

v.

Keith AIKEN, Defendant–Appellant.

No. 13–50917
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

District of Texas, San Antonio, TX, Teresa Ann Wallbaum, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Matthew R. McLain, Robert L. Sirianni, Jr., Esq., Brownstone, P.A., Winter Park, FL, Robert Ramos, Esq., El Paso, TX, for Defendant–Appellant.

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Keith Aiken appeals his convictions on two counts of making a false statements to the United States government. The first count charged that on or about January 14, 2011, Aiken made a false statement to Army Criminal Investigation Command (CID) agents, indicating that a coworker had threatened to shoot President Obama and that the coworker had a friend ready to blow up Air Force One. The second count charged that Aiken made the same false statement to United States Secret Service agents on or about January 30, 2011. Aiken was convicted of both counts following a jury trial.

He first argues that he should not have been convicted more than once for making a false statement because his statements to the CID agents and Secret Service agents repeated the same concern and did not cause any additional impairment to the latter agency's governmental function. An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Woerner*, 709 F.3d 527, 538 (5th Cir.), *cert. denied*, —— U.S. ——,

134 S.Ct. 146, 187 L.Ed.2d 103 (2013). Aiken has waived any challenge to the multiplicity of his indictment because he did not object to his indictment as multiplicitous prior to his trial and has not shown good cause for failing to do so. *See United States v. Njoku*, 737 F.3d 55, 67 (5th Cir.2013), *cert. denied*, —— U.S. ——, 134 S.Ct. 2319, 189 L.Ed.2d 196 (2014); *United States v. Soape*, 169 F.3d 257, 265 (5th Cir.1999).

A challenge to the multiplicity of sentences may be raised for the first time on appeal, however, and be reviewed under the plain error standard. *Njoku*, 737 F.3d at 67. To demonstrate plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If the appellant makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Aiken cannot show that his sentences are multiplicitous. "Where false statements are made in distinct and separate documents requiring different proof as to each statement, the filing of each false document constitutes a crime, and each filing may be alleged in a separate count of the indictment." *United States v. Guzman*, 781 F.2d 428, 432 (5th Cir.1986). Aiken was charged with and convicted of making a false statement to the CID and Secret Service on separate occasions in two separate documents. Accordingly, there is no error, much less plain error, regarding whether his sentences are multiplicitous. *See Njoku*, 737 F.3d at 67; *Guzman*, 781 F.2d at 432–33.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aiken next contends that the prosecutor made improper remarks during her closing argument. According to Aiken, the prosecutor misrepresented the evidence in three instances as she attempted to point out inconsistencies in Aiken's trial testimony. The first instance concerned whether Aiken changed his answer regarding when he first reported his coworker's threats against the President. The second instance concerned whether Aiken initially expressed agreement with an answer in one of his sworn written statements before testifying that the CID agent who took the statement recorded his response incorrectly. The third instance involved a text message Aiken sent to a different CID agent, Devon Paul Delgado, and whether Aiken had testified that it would have been important for him to include in the text message his claim that Delgado had coerced him into making a false confession.

In addition to those three instances, Aiken challenges eight remarks in the government's closing argument on the ground that they entailed a statement of the prosecutor's personal beliefs about the credibility of witnesses. "[A] prosecutor is confined in closing argument to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence." *United States v. Reagan*, 725 F.3d 471, 492 (5th Cir.2013) (internal quotation marks and citation omitted), *cert. denied*, —— U.S. ——, 134 S.Ct. 1514, 188 L.Ed.2d 452 (2014). "Except to the extent the prosecutor bases any opinion on the evidence in the case, [she] may not express [her] personal opinion on the merits of the case or the credibility of witnesses." *United States v. Alaniz*, 726 F.3d 586, 616 (5th Cir.2013) (internal quotation marks and citation omitted).

As Aiken did not object to the prosecutor's remarks in the district court, our review is for plain error only. *See Reagan*, 725 F.3d at 492. "When analyzing the impropriety of prosecutorial comments, the central issue for us is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." *Id.* (internal quotation marks and citation omitted). We consider three factors in deciding whether that standard is met: "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *United States v. Thompson*, 482 F.3d 781, 785 (5th Cir.2007) (internal quotation marks and citation omitted).

The record reflects that most of the disputed remarks were not improper, as they referred to specific evidence and merely recited reasonable inferences and conclusions that the prosecutor urged the jury to draw from that evidence. *See United States v. Meza*, 701 F.3d 411, 430–31 (5th Cir.2012). To the extent the few remaining remarks were problematic, the prejudicial effect was minimal and was offset by the district court's jury instructions indicating that the attorneys' statements were not evidence and were not binding on the jury. The relevant factors on balance do not weigh in favor of the conclusion that the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict. *See United States v. Delgado*, 672 F.3d 320, 336–37 (5th Cir.2012) (en banc); *Thompson*, 482 F.3d at 785–87.

Aiken also contends that his trial counsel provided ineffective assistance by failing to move to suppress his confessions. This claim has not been raised previously, and the record is not sufficiently developed to provide competent review of the claim. *See United States v. Cervantes*, 706 F.3d 603, 621 (5th Cir.2013). Thus, we decline to review the claim without prejudice to

Aiken's right to pursue it on collateral review.

The judgment of the district court is AFFIRMED.