# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICK FRENCH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-215-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Erick French challenges the sufficiency of the evidence supporting his conviction for making a false statement to the FBI in violation of 18 U.S.C. § 1001. The Government was required to prove that he "(1) made a statement (2) that was false (3) and material (4) knowingly and willfully and (5) that falls within agency jurisdiction." *United States v. Jara-Favela*, 686 F.3d 289, 301 (5th Cir. 2012). In reviewing a preserved challenge to the sufficiency of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, we give "substantial deference to the jury verdict, asking only whether a rational jury could have found each essential element of the offense beyond a reasonable doubt." *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc).

According to French, the Government failed to prove that his statement to the FBI denying disclosure of an "investigation" of Phillip Lapinskas and Kaleb Trdy was false. He argues that his written statement was literally true because he placed the word "investigation" in quotes and he did not use that word in his text messages to Phillip's sister, Sheena Lapinskas.

The evidence established that French texted Sheena (who worked in law enforcement) that Phillip and Trdy were "on the radar" of the Temple Police Department's narcotics investigations unit and that Trdy was "being hunted." Several law enforcement officers testified that the phrase "on the radar" meant "under investigation." Although French asserts that other testimony supports construing "on the radar of" as less serious, the evidence need not "exclude every reasonable hypothesis of innocence." *Jara-Favela*, 686 F.3d at 301.

Moreover, French's text messages to Sheena were not the only evidence supporting a finding that he had disclosed the existence of the investigation. Trdy and another suspect provided information to investigators that French had "disclosed specifically [that the narcotics investigation unit] was investigating Phillip and Kaleb." The jury also heard evidence that French and Phillip were friends, that French behaved suspiciously when a narcotics investigator asked if he knew Phillip, and that the primary target of the investigation learned of the investigation and removed all narcotics from his home before police executed a search warrant there. Viewing the entirety of the evidence in the light most favorable to the verdict, a rational jury could

find beyond a reasonable doubt that French's statement was false. *See Delgado*, 672 F.3d at 330; *Jara-Favela*, 686 F.3d at 301.

Next, French contends that the evidence was insufficient to prove that his statement was material. A statement is material if it had "a natural tendency to influence" or was "capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Richardson*, 676 F.3d 491, 505 (5th Cir. 2012) (internal quotation marks and citation omitted). In considering materiality, we identify the statement that was made and the decision the agency was trying to make. *Id.* at 505.

The relevant decision before the FBI was whether French had leaked the existence of the narcotics investigation. His statement denying that he had disclosed the investigation was capable of influencing the FBI's decision. It is irrelevant that the FBI ignored his denial. *See Richardson*, 676 F.3d at 505; *United States v. Najera Jimenez*, 593 F.3d 391, 400 (5th Cir. 2010). Accordingly, the evidence was sufficient to allow a rational jury to find that the statement was material. *See Delgado*, 672 F.3d at 330.

Finally, French contends that he did not knowingly make a false statement because his statement was true and he had no intent to deceive the FBI. As discussed above, the evidence was sufficient to show that the statement was untrue. The same evidence supports a reasonable inference that French, a police officer, understood the significance of the words he used and that he chose his words deliberately to deceive the FBI. Further, his omission that the conversation was via text message, as well as the content of the text message, further support a finding of intent to deceive. Because a rational jury could find beyond a reasonable doubt that French deliberately and knowingly made the false statement, the evidence was sufficient to

No. 17-50092

establish the requisite intent.  *See Delgado*, 672 F.3d at 330; *United States v. Guzman*, 781 F.2d 428, 431 (5th Cir. 1986).

AFFIRMED.