# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-40174
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Noe Gonzalez-Martinez,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CR-1700-4

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Noe Gonzalez-Martinez challenges the total life sentence he received following his jury trial convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine, conspiracy to commit murder for hire, attempted murder for hire, conspiracy to kidnap, possession of a firearm in furtherance of a drug trafficking crime or crime of violence, and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

interstate travel in aid of racketeering (attempted murder). On appeal, Gonzalez-Martinez argues that (1) the district court erred in allowing the Government to introduce evidence of his prior drug offenses; (2) the district court erred in not instructing the jury regarding the "overt act" element of conspiracy to commit murder for hire; (3) the district court erred in refusing to strike the Government's improper statements during closing argument; (4) the Government failed to provide sufficient evidence to support his drug conspiracy conviction; (5) the district court erred in overruling his objections to the calculation of his guidelines range.

Gonzalez-Martinez argues that the district court abused its discretion in admitting testimony about his relationships formed through prior drug dealing and cartel involvement, in violation of Federal Rule of Evidence 404(b). This argument fails because the testimony in question was intrinsic to the charged conspiracy offenses and need not satisfy Rule 404(b). *See United States v. Lugo-Lopez*, 833 F.3d 453, 460 (5th Cir. 2016) (recognizing intrinsic evidence as "inextricably intertwined with" the crime charged and concluding defendant's cartel membership was intrinsic to drug conspiracy (citation modified)); *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) ("Evidence of [previous crime attempts] was intrinsic, because it allowed the government to tell the whole story of a unified criminal episode."). And Gonzalez-Martinez has failed to show how any prejudice from the admission of this testimony substantially outweighs its probative value. Fed. R. Evid. 403.

In addition, based upon the evidence presented, Gonzalez-Martinez cannot demonstrate that the district court committed plain error in not instructing the jury on an "overt act" requirement for the murder-for-hire

No. 25-40174

conspiracy charge.[1] *See United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015) ("[I]f the law is unsettled within the circuit, any error cannot be plain."); *United States v. Gurrola*, 898 F.3d 524, 540-41 (5th Cir. 2018) (finding no plain error because circuit law was unclear whether murder-for-hire conspiracy charge requires overt act in light of *Whitfield v. United States*, 543 U.S. 209 (2005)); *United States v. Age*, 136 F.4th 193, 213–14 (5th Cir. 2025) (including overt act requirement as element of murder-for-hire conspiracy); *Whitfield*, 543 U.S. at 214 ("Because the text of [different conspiracy statute] does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction."); 18 U.S.C. § 1958(a) (murder-for-hire conspiracy statute not including express overt act requirement).

The Government's statement during closing arguments that a witness's testimony was uncontroverted was permissible. The Government may make comments regarding the defense's failure to counter or explain the evidence that was presented, and its comment within context could not "naturally and necessarily" be construed as a comment on Gonzalez-Martinez's decision not to testify. *See United States v. Guzman*, 781 F.2d 428, 432 (5th Cir. 1986) (citation modified).

After considering the evidence in the light most favorable to the Government, the district court also did not err in denying Gonzalez-Martinez's motion for judgment of acquittal. The Government presented

---

[1] Gonzalez-Martinez argues that he objected to the absence of an overt act element, thereby requiring review for abuse of discretion and harmless error. His citations to the record show the government and court expressing confusion about whether our circuit requires proof of an overt act, but no "specific objection" from the defense. *See United States v. Redd*, 355 F.3d 866, 874 (5th Cir. 2003). Instead, the record shows that Gonzalez-Martinez repeatedly acquiesced in the instruction omitting an overt act element. We review for plain error. *United States v. Fuchs*, 467 F.3d 889, 900 (5th Cir. 2006).

sufficient evidence to establish that he knowingly agreed to voluntarily participate in a conspiracy with two or more people to violate the applicable drug laws. *See United States v. Akins*, 746 F.3d 590, 604 (5th Cir. 2014) ("A jury may infer a conspiracy agreement from circumstantial evidence, and may rely upon presence and association, along with other evidence, in finding that a conspiracy existed." (citation modified)); *United States v. Infante*, 404 F.3d 376, 385-86 (5th Cir. 2005) ("[U]ncorroborated testimony of a co-conspirator can provide constitutionally sufficient evidence to sustain a conviction." (citing *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003))).

What is more, Gonzalez-Martinez has not demonstrated that the district court clearly erred in rejecting a three-level reduction under U.S.S.G. § 2X1.1(b)(2). *See United States v. John*, 597 F.3d 263, 283 (5th Cir. 2010); *United States v. Waskom*, 179 F.3d 303, 308-09 (5th Cir. 1999) (assessing § 2X1.1(b)(2) where acts necessary to complete substantive offense were not done, but question remained whether those acts were imminent). Finally, the district court did not clearly err in applying a two-level enhancement under U.S.S.G. § 3B1.1(c) for Gonzalez-Martinez's role as a leader or organizer. *See United States v. Day*, 117 F.4th 622, 628 (5th Cir. 2024) (acknowledging "more than one person" may "qualify as a leader or organizer" for enhancement purposes, even if they are not the "kingpin" of the conspiracy (citation modified)); *United States v. Ochoa-Gomez*, 777 F.3d 278, 283–84 (5th Cir. 2015) (finding aggravating role enhancement not clearly erroneous where defendant "exercised management responsibility over the property, assets, or activities of a criminal organization").

AFFIRMED.